## Powell *vs* Hogue.

### ERROR TO THE MERCER CIRCUIT.

*Set-off. Joint and separate demands.*

**DEBT.**

*Case* 108.

*June* 27.

JUDGE SIMPSON delivered the opinion of the Court.

THE only question in this case is, whether in an action on a joint bond against several defendants, by a single plaintiff, it is in the power of one of the defendants to set-off a separate demand against the plaintiff.

The question in this case.

The only difference between this case and that of *Dunn* vs *West, &c.*, (5 *B. Monroe*, 376,) in which one of several defendants was allowed to set-off a separate claim against the plaintiff, is, that there the bond sued on, was joint and several, here it is joint merely.

The doctrine and reasoning contained in that case, however, fully sanctions the right of set-off in this. No possible injury can arise to the plaintiff in the action, by the application of a debt due by him to one of the defendants, to the payment of his demand; nor is there any imaginable reason why such a set-off should be disallowed.

The argument that it might result in an injury to the plaintiff by the payment of his debt, by a claim asserted against him by an insolvent obligor, the others being solvent, he having at the same time, another and separate demand against the defendant relying on the set-off, which he might not be able to collect, if the set-off were to be allowed, is founded on a misconception of the law governing the right of set-off. In the case supposed, the separate demand of the plaintiff would itself

be a fair and legitimate set-off against the one attempted to be relied upon by the defendant, and the balance only, if any due by the plaintiff, could be discounted against the debt sued for.

The rule which prohibits the defendant from setting off a separate demand against a joint one, applies to a joint one on the part of the plaintiff, not to cases where one plaintiff sues several defendants; in the latter case either defendant may pay, and either defendant may set-off his separate demand against that of plaintiff.

Nor do we think the allowance of the set-off in this case, violates the rule, when properly understood, which prohibits a defendant from setting off a separate demand against a joint one. The joint demand alluded to, is obviously a joint one on the part of the plaintiffs. That is, a demand due by one of two or more joint plaintiffs, being a separate demand against one of the plaintiffs, cannot be set-off against the debt which is jointly due to them. The reason for this prohibition is evident. Having, as joint plaintiff, an interest only in part of the debt, a payment of the whole by his separate liability, might work great injustice to the other joint owners. Here, however, the plaintiff cannot be injured by discharging his own liability. There is no other person jointly interested with him in the debt, to be prejudiced by it; and as it is a voluntary assumption of the payment of the whole demand by one defendant, the other defendants, jointly bound with him, have no cause to complain.

This exposition of the rule is best calculated to advance the object of the statute authorizing the pleading of a set-off; a more restricted one would, in a considerable degree, impair its usefulness.

We are of opinion, therefore, the set-off is admissible; that the demurrer to the plea should have been overruled, and the Court erred in sustaining it.

Wherefore, the judgment is reversed and cause remanded, with directions to overrule the demurrer, and for further proceedings.

*Thompsons, Trapnall and Poston* for plaintiff; *Daviess* for defendant.