KENT, Respondent, v. ROGERS & DILLON, Appellants.

1. One of two joint defendants may plead by way of set-off a demand due him from the plaintiff.

*Appeal from Buchanan Court of Common Pleas.*

*Loan,* for appellants, cited Austin v. Feland, 8 Mo. 309; Whaley v. Cope, 4 Mo. 233.

*Vories,* for respondent.

I. Mutual debts alone are subjects of set-off. A joint debt can not be set off against a separate debt; nor a separate debt

against a joint debt. (Finney v. Turner, 10 Mo. 207 ; State, to use of Cowan, v. Modrel, 15 Mo. 421 ; Gorden v. Bourne, 2 Johns. 155.) The case of Austin v. Feland is not in point, and if it were, the later cases overrule it.

SCOTT, Judge, delivered the opinion of the court.

The only point in this case is, whether a set-off of a debt due Dillon, one of two joint defendants, can be pleaded against the demand of the plaintiff. The case of Austin v. Feland, 8 Mo. 309, was decided on the authority of Whaley & Blackwell v. Cope, 4 Mo. 283. The case of Austin v. Feland, in its circumstances, is exactly like that now under consideration. The justice and great convenience of allowing a set-off under the circumstances are apparent, and the course is sanctioned by the authority of respectable courts. The case of Finney v. Turner, 10 Mo. 208, does not profess to overrule that of Austin v. Feland, the justice of which commends itself to the sense of every one. If Dillon, the defendant, will use a debt due him individually as a set-off to a demand for which another is jointly liable with him, is any one affected but himself?

We do not see that the case of the State v. Modrell, 15 Mo. 42, has any bearing on that now under consideration. Judge Ryland concurring, the judgment will be reversed, and the cause remanded.