Mortland v. Holton et al.

JOHN MORTLAND, Respondent, *v.* HORACE HOLTON and FRANK L. CAPELLE, Appellants.

1. *Practice, Civil — Pleadings — Offset — Debt due to one of two defendants sued on joint contract — Sureties.* — It has been long settled in this State that where suit is brought against several defendants on a contract executed by them jointly, a debt due from plaintiff to one of the·defendants can be offset to the claim sued on. By the statutes of Missouri, contracts which by the common law are joint only are construed to be joint and several; and, by the practice act, judgment may be given for or against one of· the parties, plaintiffs or defendants. These provisions so change the relations of parties that the authorities which forbid an offset of a debt due one of several defendants can have no force ˙here; and even if this right of offset were not in general conceded, it certainly must be when the defendant who seeks to make it is the principal and his co-defendant is his security.

2. *Practice, Civil — Pleadings — Reply where one defendant pleads a several debt in offset.* — Where in a suit against several defendants one of them is permitted to offset the demand of plaintiff by a debt due to himself separately: *held*, that by way of reply to such offset plaintiff might set up a debt additional to the one sued on, due by this separate defendant to himself. This individual claim of the plaintiff, however, should not be permitted to extinguish any part of such separate defendant's offset intended to be or proper to be applied upon the debt growing out of the contract which formed the basis of plaintiff's demand, either by agreement or connection with the subject matter of the contract.

3. *Practice, Civil — Pleadings — Answer — Reply — Counter claim — New matter.* — A debt owing to plaintiff by one of several defendants, who puts in a separate claim against the plaintiff, is, in one sense, an "answer at law" to that claim. It shows a state of facts existing at the time the separate claim is put in — a mutual indebtedness, an unadjusted account — that renders it unjust to permit one party to bring in his side of the account and shut the other out. It need not be called a counter claim; it lacks one of its elements, as the plaintiff should not be permitted to recover a judgment upon it; but it is new matter, that shows that defendant should not be permitted to recover so much of his account as equals this claim.

4. *Practice, Civil — Reply setting up additional debt of a separate defendant who has set up a separate offset, not a departure.* — A reply setting up a debt or claim· of plaintiff, in addition to the joint claim sued on, against a several defendant, who has set up a several demand against plaintiff as an offset, is not a departure. A departure is an abandonment of the original cause of action or defense for another. Such a reply sets up no new cause of action; it only bars a defense.

5. *Practice, Civil — Pleadings — Departure, when objected to.* — A departure must be objected to before verdict; a verdict in favor of him who makes a departure cures the fault, if the matter is in substance a sufficient answer to what is before pleaded by the adverse party.

6. *Practice, Civil—Appeal—Errors not appearing on the record or saved by exceptions not considered.*—The Supreme Court, upon issues triable by jury, uniformly declines to consider errors not appearing upon its record proper— *i. e.*, the pleadings, process, motions, orders, verdicts, and judgments—unless saved by proper exceptions.

### *Appeal from St. Louis Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Peacock & Cornwell*, for appellants.

I. Plaintiff can not sue on one cause of action, and, when a counter claim or set-off is pleaded, set up another cause of action in his reply as a set-off or counter claim to the matter pleaded by defendant as such. Section 3, Gen. Stat. 1865, p. 658, pre-scribes what the petition shall contain, ending as follows: "If the recovery of money be demanded, the amount thereof shall be stated, or such facts as will enable the defendant and the court to ascertain the amount demanded." The answer contains denials or new matter constituting a counter claim. (Gen. Stat. 659, § 12.) Two or more defendants making the same defense shall answer jointly. "If the answer contain new matter, and the plaintiff fail to reply thereto," etc., "the defendant shall have judgment." (*Id.* § 16.) "The reply shall be governed by the rules relating to answers." This can not mean, certainly, that because a counter claim may be set up in answer the same might be done in a reply; for, should this be the case, a judgment might be rendered upon the claim set up in such reply, for if the rule above referred to governs in one instance, it must in the other, the logical consequence follows.

The object of permitting a counter claim to be set up in answer is to avoid a multiplicity of suits, and the presumption is that the plaintiff has incorporated in his petition all his causes of action that are consistent and permitted under the rules of pleading. (Gen. Stat. 1865, p. 657, § 2.) To this the defendant may plead and set up such causes of action against plaintiff as he has, and there the matter rests; being admitted or denied by a reply, plaintiff can only recover on the cause of action set up in his petition. (17 Mo. 585.) Any other view than the above

would be a departure from the cause of action and matter set up as the basis of suit. The summons is to answer the complaint of plaintiff as filed — not a new and different cause of action to be set up in a reply.

II. The petition only claims for hire of the boat in going from St. Louis to Keokuk and returning to St. Louis. The court below, having permitted the charter party to be read for the purpose of sustaining plaintiff's cause of action mentioned in his petition, considered it as evidence not only of the trip from St. Louis to Keokuk and back to St. Louis, but also of a subsequent trip from St. Louis to Memphis and back. The first trip, and that is all that is sued for in the petition, took only twelve days at the farthest, while the subsequent trip took from twenty to twenty-two days — the two trips together taking, with detentions and all, thirty-five days.

III. A mere surety had a right to avail himself of all matters taken into consideration at the settlement; and, as against him, no other claim against his co-defendant could be set up in the reply (even admitting that such reply could be made) which would go to reduce the amount of the set-off in his favor.

*Krum, Decker & Krum,* for respondent.

I. No exceptions are saved by the appellants to the admission of any testimony by respondent, nor are any instructions prayed. There is nothing here on the record of which appellants can complain.

II. The respondent Capelle had full benefit of his counter claims, which, however, even if proved, were offset by the plaintiff's reply.

III. Plaintiff's demand for charter money due on the Adelia was a joint claim against both defendants. Several of the counter claims pleaded by defendants were separate demands in favor of only one of the defendants (Capelle); and to these plaintiff could certainly offset a debt due by Capelle to himself. One defendant is allowed, under our statute, to offset a claim due to himself, to show that plaintiff ought not to recover a judgment against him; and the plaintiff should certainly be permitted to

prove any facts to show that defendant should not, by reason of his separate set-off, be discharged of his joint liability. Where a debtor is in a position of being as to one debt a joint debtor, and as to another debt sole debtor, to the same creditor, it is not for him to elect which of the demands he will satisfy by set-off. The court will apply such set-off to that part of the liability of the defendant which can not be reached by judgment in the case.

IV. Plaintiff could not, in his petition, have united the claim against Capelle alone with his claim against Holton and Capelle jointly. But when defendants seek to avail themselves of a claim due by Holton to Capelle individually as a set-off, then plaintiff may plead and show that such separate counter claim ought not to be allowed to prevail, for the reason that there is another debt to which the set-off ought equitably to be applied. (Kent v. Rogers, 24 Mo. 306.)

BLISS, Judge, delivered the opinion of the court.

The defendants, by written contract executed jointly, chartered the steamboat "Adelia" for a trip from the port of St. Louis, as charged in the petition, to Keokuk and return, at sixty dollars per day; and the petition alleges that it remained so chartered for thirty-five days, and asks for a judgment of $2,100 and interest. Defendants answered that Holton was surety for Capelle, and set up various offsets by way of counter claim, amounting in all to more than the plaintiff's demand. Most of these counter claims were individual demands against the plaintiff by defendant Capelle, and were so set forth.

In reply the plaintiff admitted or denied each one, and against those claimed as due Capelle alone he sets up a demand as an offset not embraced in the petition, to-wit: some $400 due him for the use of a barge previous to the charter of the boat. The record thus presents two questions: whether in this suit a debt due one of the defendants can be offset to the claim sued on, and, if so, whether that debt can be offset by a counter claim of the plaintiff against him alone.

5—VOL. XLIV.

The first of these questions has been long settled in Missouri, and in favor of the right of one of the several defendants to offset an individual claim against the plaintiff. (Austin v. Freeland, 8 Mo. 309; Kent v. Rodgers & Dillon, 24 Mo. 306.) By our statutes, contracts by the common law joint only are construed to be joint and several, and survive against the heir and personal representative of the obligor; and, by the practice act, judgment may be given for or against one or more of the several parties, plaintiffs or defendants; and if a plaintiff have a cause of action against several, upon which he is entitled to but one satisfaction, he may sue one or more. These provisions so change the relations of parties that the authorities which forbid an offset of a debt due one of several defendants have no force here; and even if this right of offset were not in general conceded, it certainly must be where the defendant who seeks to make it is the principal and his co-defendant is his security.

If one defendant may so offset his individual claim, it would seem that the plaintiff ought to be permitted to set up against it any debt such defendant may be owing him. One proposition ought to follow the other, and such offset must be permitted, unless forbidden by the statute. Section 12, chapter 165, General Statutes 1865, says that "the answer of defendant shall contain * * a statement of any new matter constituting a defense or counter claim," etc., while section 15 authorizes the plaintiff in reply to allege any new matter not inconsistent, etc., "constituting an answer in law" to the new matter of defendant. Thus the statute expressly authorizes the defendant to make a counter claim, but does not so authorize the plaintiff in his reply. This subject has undergone discussion in New York and other States, but cannot be considered as settled. The language of the New York and Ohio codes is the same as was ours before the revision of 1865. The plaintiff is authorized to allege in the reply new matter consistent with the petition, "constituting a defense to the new matter in the answer." Voorhees, in commenting on the New York code (p. 353), expresses an opinion adverse to the right of counter claim in the plaintiff; and so does Nash, in his Ohio Practice (p. 95). Tiffany & Smith, in their

New York Practice (vol. 1, pp. 389–90), seem to admit the right, where the matter would not be a departure, but treat it as doubtful and unsettled. There are New York judicial opinions apparently both ways. Where the subject matter of a counter claim set up in the plaintiff's reply existed at the commencement of the suit against all the defendants, and was of such a character as could have been joined with the cause of action contained in his petition, it is not probable he would be permitted to use it as a reply. And a strict construction of the term " constituting an answer at law," now used in our code in reference to the reply, might confine the plaintiff to an allegation of some fact that shows that the demand never did exist, or has ceased to exist, as a lawful claim. Thus he might, in replying to the counter claim of defendant, set up fraud, duress, payment, etc. But a more liberal and just construction in a case like the present would authorize an offset as well, although no express authority is given the plaintiff to set up new matter by way of counter claim. In one sense a debt owing by one of several defendants, who puts in a separate claim against the plaintiff, is an " answer at law" to that claim. It shows a state of facts existing at the time the separate claim is put in — a mutual indebtedness, an unadjusted account — that renders it unjust to permit one party to bring in his side of the account and shut the other out. It need not be called a counter claim; it lacks one of its elements, as the plaintiff should not be permitted to recover a judgment upon it; but it is new matter, that shows that the defendant should not be permitted to recover so much of his account as equals this claim. The demand of the plaintiff to have his claim against the defendant considered comes with special force in view of the insolvency of Capelle, and under the old practice might present such an equity as to sustain a bill in chancery for an offset. I feel no hesitation in holding, in the present case, that if defendant Capelle is permitted to set off his individual demand against the joint claim sued on, the plaintiff should also be permitted to lessen that demand by offsetting any individual claim he may have against Capelle. This individual claim of the plaintiff should not, however, be permitted to extin-

guish any part of Capelle's offset intended to be or proper to be applied upon the rent of the steamboat, either by agreement or by its connection with its charter and use. Defendant Holton had a right to insist that every such item of Capelle's offset should be so applied.

Defendants claim that this new account of plaintiff is a departure. Not at all. A departure is an abandonment of the original cause of action or defense for another. ( 1 Chit. Pl. 644; Gould's Pl. ch. 8, § 65.) It sets up no new cause of action; it only bars a defense. And even if it were a departure, it is too late to complain of it. It was not objected to before verdict, and "a verdict in favor of him who makes a departure cures the fault, if the matter so pleaded is in substance a sufficient answer to what is before pleaded by the adverse party." (Gould's Pl. ch. 8, § 79.)

The other objections to the action of the Circuit Court do not appear upon the record, and are not properly saved. The testimony, it is true, is spread out by the bill of exceptions, but no exceptions were taken to the various alleged erroneous proceedings as they were had. For instance, it is insisted that the trip to Keokuk, for which the boat was chartered, as the petition alleges, did not consume the thirty-five days, but that a trip was taken to Memphis during the time. But how do we know that? The pleadings do not show it, nor does it appear in any other part of the record proper. If defendants were unwilling, under the pleadings, that the court should include in its finding the rent for their trip to Memphis, they should have made it known on the trial, that the plaintiff might have amended his petition if necessary. But no objection was then made, and no exceptions were taken, nor was any declaration of law asked upon this or any other matter. This court, upon issues triable by jury, uniformly declines to consider errors not appearing upon the record proper — i. e., in the pleadings, process, orders, verdicts, and judgments — unless saved by proper exceptions. (Bateson v. Clark, 37 Mo. 31, and other cases.)

Let the judgment be affirmed. The other judges concur.