HENRICUS *et al. v.* ENGLERT.

*(Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. PRINCIPAL AND SURETY—CHANGE IN OBLIGATION—RELEASE.

Where a person becomes surety for the performance of a building contract, and afterwards, without his knowledge, the builder consents to certain changes in the minor details of the work, but without binding himself to conform to such changes, and without any agreement as to the modification of the original contract, the changes are not such as to discharge the surety.

2. PAYMENT—KNOWLEDGE OF FACTS.

Where a person becomes surety for the performance of a building contract, and the owner, although he knows of the violation of the contract, voluntarily pays the builder in full, he cannot then recover of the surety.

Appeal from judgment on report of referee.

Action by Charles F. Henricus and another against Charles Englert to recover of the defendant as surety on a bond for the faithful performance of a building contract. There was judgment for defendant, and plaintiffs appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Turk & Barnum,* for appellants.　　*W. E. Werner,* for respondent.

MACOMBER, J. The plaintiffs were house-builders, and carried on their business in their own names, as agents for their wives, respectively. As such agents, they entered into a contract with the village of Brockport, on the 15th day of September, 1884, for the building of a town-hall and fire department building for that village, for which they were to receive the sum of $9,700. They, by contract with one Vogel, sublet the carpenter work for such building for the sum of $4,400. A bond for the faithful performance of Vogel's contract, upon which this defendant was surety, was conditioned that Vogel should perform all of the obligations entered into with the plaintiffs for the erection of this building, "agreeable to the plans, and in perfect keeping with the revised carpenter specifications prepared for the same by H. B. Gleason, architect." This action is brought to recover damages of this surety, upon the ground that Vogel did not perform in all respects the agreement which he had entered into with the plaintiffs.

The learned referee has found that the specifications made by the architect were departed from in some particulars by the consent of the plaintiffs, of Vogel, and of the village of Brockport, and he has given in detail the particulars thereof. It is not deemed needful to an understanding of this case to state such variations in detail. It suffices to say that some of them made the expenditure of Vogel larger in amount than the original specifications, and some of them reduced such expenditures. The total sum which the referee has found that the village of Brockport has suffered by all of the variations is $550. It is not specifically found that this sum includes the variations made by the plaintiffs themselves in the mason-work, but such must be deemed to be the legal effect of the agreement of the plaintiffs and the village of Brockport, hereinafter adverted to. This sum was agreed upon by the village authorities and the plaintiffs. That the plaintiffs themselves consented to such alterations can admit of no reasonable doubt from the evidence. Indeed, some of the changes from the architect's specifications relating to the mason-work were made by them. The learned referee has found as a fact that the changes and alterations from the original plans and specifications were material alterations in the contract for the performance of which the bond in question was given, and that such alterations were made without the consent of the defendant; and he finds as a conclusion of law that for this reason the defendant *is discharged from liability. It is extremely doubtful whether the facts disclosed in this case warrant the legal conclusion arrived at by the referee. The contract of this surety must be construed like all other contracts,

so as to give effect to the intention of the parties. That intention must be gathered from, and in some respects controlled by, the nature of the contract entered into; and it must be interpreted in the light of the circumstances attending the execution of the instrument. When the meaning of the contract is thus ascertained, full legal effect must be given to it, though the responsibility of the surety must not be extended or enlarged by implication or construction; but it is to be deemed *strictissimi juris*. *People* v. *Backus*, 117 N. Y. 201, 22 N. E. Rep. 759.

In examining the testimony it is found that the original contract between the plaintiffs and the village of Brockport has never been changed, either in any manner detrimental to the surety or otherwise. It is true that variations were made in some of the minor details of the work as it progressed. But that is by no means a change of a contract. The plaintiffs never agreed to alter their written agreement with the village of Brockport; no binding obligation rested upon them to conform to the changes, whether advantageous to Vogel or otherwise. That the parties actually did make these slight changes is of no importance, as it would seem, provided the agreement to which the defendant was a surety had not itself been actually changed. The nature of the contract shows that slight, immaterial, and unimportant changes, not going to the structural plan of the building, might be made without in any respect impairing the obligation of the original contract. So long as the negotiations between the principal and the creditor do not reach the point of a binding agreement, the change made is merely a change in the details of the work performed, and not a change of the contract itself. It is the alteration of the obligation of the principal which discharges the surety, and not his voluntary act, in the case of building contracts, by which slight modifications are made in the details of the work. For these reasons we think the facts of this case take it out of the ordinary rule that a guarantor is exonerated if, by any act of the creditor without his consent, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditors against the principal in respect thereto are in any way impaired or suspended. The alteration contemplated by this rule is the material alteration of the contract, as is well illustrated by the case of *Woodworth* v. *Bank*, 19 Johns. 391, which has been so frequently followed by our courts.

But there is, however, a ground upon which the judgment appealed from may be sustained. By the fourteenth finding of the learned referee it is decided as a question of fact that the principal, Vogel, before this action was brought, had received from the plaintiffs full payment of his contract for the carpenter work upon this building. We are not left to any speculation or examination of the case to ascertain whether this finding is supported by the evidence, for it was made in pursuance of the request of the counsel for the plaintiffs. This circumstance, coupled with the further fact that whatever changes were made in the details of the construction of the building were made with the knowledge and consent of the plaintiffs, (though the learned counsel for the plaintiffs have made a vigorous argument to show the contrary,) precludes a recovery by the principals for any alleged violation of the condition of this bond. The plaintiffs had received from the trustees of the village of Brockport a bill for damages amounting to a sum considerably greater than $550. Thereupon an agreement was entered into between the parties to the original contract that the sum of $550 should be allowed. The measure of damages, therefore, which the plaintiffs claim to have sustained by reason of a breach of the bond, has been determined, not by any judicial inquiry, or by proof other than as above mentioned. But, assuming that there is no evidence of an actual departure by Vogel in the carpenter work in the sum of $550, the plaintiffs, with full knowledge of such violation of the contract, have voluntarily paid to the defendant's principal the full sum contracted for. Certainly the obligation of the defendant cannot surpass that of his

principal. If, therefore, these plaintiffs cannot maintain an action against Vogel for a failure to perform his contract, as they certainly cannot under these findings, because they have voluntarily paid him the full amount of the contract with a full knowledge of all the facts, the defendant, who is a mere surety, and not an original contractor, cannot be held beyond the limits of the liability of his principal. The guarantor must be deemed to be exonerated by the discharge of his principal, made voluntarily by the creditor, whether that discharge be in words, or by such necessary implication as the payment to him in full of the contract, with knowledge of his omissions, and without any agreement. For these reasons we think the judgment appealed from should be affirmed. All concur.