[No. 1593. Decided April 8, 1895.]

G. BRODEK et al., Respondents, v. GEORGE W. FARNUM et al., Defendants, W. C. STETSON, Appellant.

BUILDING CONTRACT — ACTION FOR BREACH — WAIVER — COMPLETION BY SURETY — SET-OFF — JOINT AND SEVERAL CLAIMS.

In an action for damages for the improper construction of a building and the use of defective materials therein, and for loss of rents, the defendant is not entitled to a non-suit, because the proof shows that payments were made by plaintiffs after the expiration of the time fixed for the completion of the building and after knowledge of a change in the plans of construction, when the proof also tends to show that defective materials had been used without their knowledge.

Where a payment is made on a building contract subsequent to the expiration of the time agreed upon for completion, the owner is not entitled to damages for loss of rents prior to the date of such payment by him.

One who agrees to complete a building abandoned by the original contractor has a reasonable time to complete it, where no date is specified in his agreement, although the original contract required it to be completed at a specified time.

Where by the terms of a building contract the owner is required to provide the foundation for the building, which he undertakes to do, he cannot recover damages from the contractor for making the ground floor above street grade, when such defect is the result of the foundation being too high.

Upon the abandonment of work by a contractor under his building contract, owing to a disputed liability as to the fall of the building, a new contract may be legally entered into by a surety, and, in an action by the owner for damages under the original contract, such subsequent contract is admissible in evidence by way of defense and counterclaim.

Although a surety upon a building contract has, in an action for damages by the owner, set up by way of counterclaim a new contract with himself for the construction of the building after abandonment by the contractor, he may also set up a counterclaim upon the part of all the defendants under the original contract.

In an action for damages upon a joint claim against several parties for breach of a building contract, any one of the defendants may, under Code Proc., §§ 194, 195 and 407, plead the joint claim of all for any balance due under the contract by way of counterclaim, and would be entitled to judgment for any balance, over and above the damages sustained by plaintiffs.

*Appeal from Superior Court, King County.*

*Wiley & Bostwick*, for appellant.

*Thompson, Edsen & Humphries*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This was an action for damages for breach of a contract entered into between the plaintiffs and the defendants for the erection of a building. The claim for damages is based upon the following grounds, in substance: (1) That the building was not completed within the time contracted for, whereby the plaintiffs lost certain rents; (2) that by the terms of the contract said building was to be constructed so that the first floor should be upon a level with the sidewalk, according to the established grade, and that it was not so constructed, but was erected so that the first floor was a foot or more higher than it should have been; (3) that the building was not constructed according to the plans and specifications, in that certain posts were placed therein, and was constructed of inferior materials, and that the work was defective, whereby it was rendered of much less value than it otherwise would have been.

The defendant Farnum made no answer. The defendant Reitze answered, denying certain matters

alleged in the complaint, and averring that Farnum was the principal contractor and that himself and Stetson were sureties, and that plaintiffs had knowledge thereof; that during the progress of the construction of the building one of the walls fell, without the fault of the defendants and because of the negligence and fault of the plaintiffs in failing to provide a suitable and sufficient foundation for said wall; and that thereupon said plaintiffs entered into a new contract with the defendant Stetson and extended the time for the completion of the building, whereby the defendant Stetson was to construct the same, and that Stetson did complete the building in accordance with such contract.

Defendant Stetson answered, denying certain matters alleged in the complaint and setting up several affirmative defenses, wherein it was in substance alleged that it was the duty of plaintiffs to provide the foundation for said building, and that the defendants entered upon the construction of the building according to the contract, but that the foundation therefor provided by the plaintiffs was insufficient and insecure; that after the building was partly constructed a portion of it fell, which was wholly due to the fault of the plaintiffs; and that he thereafter succeeded to all the right, title and interest of his co-defendants, Farnum and Reitze, in and to said contract, with the knowledge and consent of the plaintiffs, and entered into a contract with the plaintiffs to make the necessary repairs and complete the building, the time therefor being extended; and that he thereafter proceeded to and did construct the building in accordance with the contract and certain agreed alterations; and alleging that the posts aforesaid were put in said building and the lower floor raised in accordance with the plaintiffs' directions. He also set up a counterclaim for certain extras furnished,

and for the balance of the contract price due for the erection of the building.

The plaintiffs replied, denying the affirmative matters pleaded. Verdict and judgment were rendered for plaintiffs upon the trial, and defendant Stetson appealed therefrom.

Some of the questions presented are complicated, owing to the contradictory character of the proofs and its insufficiency in some particulars, and it is difficult to determine all of them definitely. But we may perhaps indicate our views sufficiently for the guidance of the lower court in a further disposition of the cause.

The first point raised by appellant is that the court should have granted his motion for a non-suit. It appears that after the expiration of the time fixed for the completion of the building in the original contract, and while appellant Stetson was engaged in the construction of the same, the plaintiffs made several payments to him thereon, in all amounting to the sum of $9,480, and it is contended, accepting the plaintiffs' view of the case and conceding there was no second contract with Stetson, that this was a waiver of the time fixed for the completion of the building in the original contract; and, furthermore, that these payments were made with full knowledge that the building was being constructed above the grade; and that, having made these payments, the plaintiffs could not maintain an action for damages. As to this question, however, there was some proof to show that defective materials had been used in the construction of the building, and we are not satisfied from the proofs that the plaintiffs knew that such materials were defective and were not such as were called for by the contract. Consequently the motion for a non-suit was properly overruled.

In connection with this same matter it is contended that the court erred in overruling the motion of appellant to exclude from the consideration of the jury all evidence as to loss of rent accruing between July 1, 1890, and September 9, 1890, the first date being the time fixed in the original contract for the completion of the building, and the last date being the time when the last payment was made by the plaintiffs to Stetson. We think this point is well taken, for if no contract had been entered into with Stetson for the completion of the building after the falling of a portion of it, and conceding that Stetson was continuing the work under the original contract, the making of these payments with full knowledge of the facts was a waiver of all claims for damages, except as against the balance remaining unpaid, for a failure to complete the building by the time specified, up certainly to the date of the last payment, and the plaintiffs could not maintain an action therefor. *Henricus v. Englert*, 17 N. Y. Supp. 235–237. Evidence in support of appellant's counterclaim was excluded by the court. We are of the opinion also that the waiver of time may have gone further than this, which we shall hereafter consider.

It is further contended that the court erred in overruling appellant's motion to withdraw from the consideration of the jury the evidence of damage in consequence of the building being above the grade. The grounds for said motion being that it appeared from the evidence of the plaintiffs that with full knowledge of the facts they had voluntarily paid more money to the contractors than they now claim to be damaged by reason of the building being above the grade; and it further appeared by the testimony of the plaintiffs that it was their duty to provide the foundation for the building, and they undertook to do so. The building

was being erected upon tide lands and the foundation was in part composed of piles driven into the ground. The plaintiffs procured this to be done and had the piles sawed off and capped and left in condition for the building to be erected upon; and if the foundation they had thus prepared was too high, it was their fault and not the fault of the defendants. The evidence of damage in this particular was therefore inadmissible.

It is next contended that the court erred in excluding from the jury all evidence offered by appellant Stetson under his counterclaim. The respondents urge that this evidence was incompetent, and that the written contract entered into by the defendants must govern. But this does not seem to us as well founded. It was a disputed question as to whether the fall of a portion of the building was occasioned by the defective foundation provided by the plaintiffs, or whether it was due to defective material used in the construction of the building, or a failure to properly construct it. It appears that after a part of the building fell Farnum abandoned the work, and while this matter as to which of the parties was responsible for the fall of the building was in dispute, and after work thereon had been suspended, appellant Stetson claims that he entered into a new contract with the plaintiffs to proceed with the construction of the building as alleged by him. The parties could lawfully make this second contract, notwithstanding the prior written agreement. The question of disputed or doubtful liability aforesaid was a sufficient consideration therefor; and if it was made, and appellant Stetson complied therewith, it constituted a good defense against the action brought by the plaintiffs, and also authorized him to recover for the balance of the contract price, if he completed the building in accordance with such subsequent con-

tract; and the proof therefore should have been admitted.

The original contract price for the building was $25,-787. It is admitted that there was paid to Farnum before the falling of a part of the building $9,654.80, and this, with the amount paid to Stetson as aforesaid, while he was proceeding with the construction of it, amounted to $19,134.80, leaving a balance of $6,652.20 upon the original contract price; and in addition to this Stetson claimed $4,407.61 for extras.

If this second contract was entered into the plaintiffs could, of course, maintain no action for damages for a failure to complete the building within the time specified by the original contract; nor for such further time as was reasonably necessary therefor. It is not claimed that any date was specified in the later contract by which the building should have been completed; consequently the appellant had a reasonable time. When the last payment was made the plaintiffs knew that the building was not completed. They knew, also, that more or less time would be required therefor. There is no evidence to show how much time was necessary for the completion of the building after September 9th. Of course, this would depend upon the number of men employed upon the work, etc. If the plaintiffs knew the manner in which the building was progressing at the time the last payment was made, and the probable time that would be required to complete the same in accordance with the work as it was then being done, and made no objection thereto, these payments amounted to a waiver of any claim or right to maintain an action for damages for a failure to complete the building within such time as would be required to complete it as the work was then progressing, even if the second contract was not entered into. The

making of these payments was, in effect at least, a consent to confine their claim for all known damages to the balance remaining unpaid. If the second contract was not entered into, appellant Stetson had a right to proceed with the construction of the building under the original contract, and the plaintiffs could not have maintained any action for damages for failure to complete it prior to the time of their last payment upon September 9th, nor for such further time as was necessary for its completion; but might offset their claim for damages in this respect against an action for the balance due for the construction of the building.

It is contended that the court erred in refusing to permit appellant to amend his answer by alleging further that Farnum was the principal contractor, and that Reitze and Stetson were his sureties. It is claimed that the sureties would have a right, upon the failure of the principal contractor, to go ahead and complete the building and be subrogated to his rights. Regardless of this question of suretyship, it mattered not to the plaintiffs who constructed the building; they only had a right to have it constructed according to the terms of the contract or the subsequent agreed alterations, if there were any. Any one of the defendants might have proceeded with the construction of the building in case the others abandoned it or refused to proceed therewith, and if the second contract with Stetson was not entered into the defendants jointly had a claim against the plaintiffs for the balance of the contract price, less whatever damages the plaintiffs were entitled to offset against it. By the terms of the original contract the defendants were jointly bound to the plaintiffs as principals, and the respondents insist that they must be held accordingly.

The parties are all in court and, without passing

upon the question as to whether it was an abuse of discretion in refusing to permit the amendment at the time it was offered, we think now, as the case must go back for a re-trial, that the parties should be permitted to amend their pleadings, and that appellant Stetson should have the privilege of amending his answer; and, in addition to the counterclaim set up by him founded upon the second contract he claims he entered into with the plaintiffs, he also should be allowed to set up a counterclaim upon the part of all the defendants under the original contract. The amendment offered was substantially this, and although the several defenses would have been somewhat inconsistent they were permissible under our code practice.

As to the right of one defendant to plead an individual claim against the plaintiffs to offset a claim by them against the defendants jointly, which was one of the contested questions upon the argument of the case, if the second contract was entered into between the plaintiffs and Stetson, he was thereby released from any previous liability under the former contract, and as the release of one joint debtor was a release of all of them, the prior contract was thereby terminated. Consequently, the claim of the plaintiffs could only be maintained against Stetson individually, and the claim for the balance remaining unpaid was Stetson's individual claim. It is true, in this view of the case Reitze and Farnum were improperly joined as defendants by the plaintiffs; but Stetson was not responsible for this and should not be deprived of his rights thereby.

Upon the other hand, if the contract was not entered into, then the claim of plaintiffs was a joint one against all of the defendants; and any one of them, against an action for damages for a breach of the contract, could plead the joint claim of all for the balance remaining

unpaid. It could make no difference as to this whether one or more of the defendants defaulted; the other defendant could not be deprived of his right to avail himself of this defense and counterclaim. *Mott v. Mott*, 5 Vt. 111. A payment to one of these defendants would be sufficient to protect plaintiffs. The following sections of the Code of Procedure, it seems to us, determine this controversy in favor of appellant:

" Sec. 194. The answer of the defendant must contain —

" 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief;

" 2. A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition."

"Sec. 195. The counterclaim mentioned in the preceding section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

" 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

" 2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.

" 3. The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. They shall each be separately stated, and refer to the causes of action which they are intended to answer, in such a manner that they may be intelligibly distinguished."

" Sec. 407. Judgment may be given for or against one or more of several plaintiffs; and for or against one or more of several defendants; and it may, when

the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves."

The right to plead the counterclaim carried with it the right to recover a judgment for the balance, if any, over and above the damages sustained by the plaintiffs. A counterclaim may involve something more than a mere defense to the plaintiff's action. There are many authorities sustaining the proposition that one defendant may plead his individual claim against all of the plaintiffs, in a case where the plaintiffs have sued several defendants upon a joint obligation.

It seems that under these provisions of the Code a defendant may also join matters by way of counterclaim that he could not unite in an action if brought by him as plaintiff, and, if so, the statutes aforesaid confer a greater right upon him in this particular where he is sued than he would have if he brought suit. It may be also, that, if he should bring suit upon his individual claim, the defendants in such action could not offset a joint claim against him and other persons; although there are some authorities holding the contrary. But it is unnecessary to decide these matters in this action. In support of the right of a defendant to plead an individual claim against the plaintiffs, where he is sued jointly with others, and of the appellant's contention in this respect, we cite the following: *Powell v. Hogue,* 8 B. Mon. 443; *Leach v. Lambeth,* 14 Ark. 668; *Kent v. Rogers,* 24 Mo. 306; *Stewart v. Coulter,* 12 Serg. & R. 252 (14 Am. Dec. 680); *Childerston v. Hammon,* 9 Serg. & R. 68; *Miller v. Kreiter,* 76 Pa. St. 78; *Montz v. Morris,* 89 Pa. St. 392; *Ashley v. Willard,* 2 Tyler, 391; *Parsons v. Nash,* 8 How. Pr. 454; *Neal v. Lea,* 64 N. C. 678; *Rush v. Thompson,* 112 Ind. 158 (13 N. E. 665); *Sloan v. Mc-*

*Dowell,* 71 N. C. 356; *Lewis v. Clarkin,* 18 Cal. 399; *Shain v. Forbes,* 82 Cal. 577 (23 Pac. 198); *Stedeker v. Bernard,* 102 N. Y. 327 (6 N. E. 791); Pomeroy, Code Remedies, subject " Counterclaim."

The matters in controversy between these parties have gotten into a peculiar tangle. The issues, however, are, or can only be, substantially as follows: The plaintiffs may maintain an action for the violation of the contract in using defective materials or for defective workmanship, and for a failure, if any, to complete the building within a reasonable or necessary time, as aforesaid, after September 9th, the date of their last payment. Appellant Stetson, individually and for the defendants jointly, may maintain a claim against the plaintiffs for the balance of the contract price remaining unpaid, and for extras furnished. As against this the plaintiffs may offset their damages for a failure to complete the building within the time specified in the original contract, if the second contract was not entered into; and for a failure to complete the building within a reasonable time thereafter in case the second contract was entered into; and also any claims they may have for defective materials or workmanship. If the second contract was not entered into, then the question, as to who was responsible for the falling of a portion of the building and consequent delay of the work and additional expense in the way of repairs, becomes material. If it was due to the defective foundation, the plaintiffs were responsible for it; if it was due to defective materials or workmanship in the erection of the building, which were not in accordance with the contract, the defendants were responsible for it; and this is one of the issues to be determined. It seems the second contract was substantially the same as the first, except as to an extension of time, but of this we

are not entirely certain from our examination of the testimony.

The judgment must be reversed, and the cause will be remanded with instructions to allow the parties to amend their pleadings accordingly.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.

DUNBAR, J., dissents.