[No. 6835.   Decided November 20, 1907.]

C. J. ERICKSON, *Plaintiff and Appellant*, v. JOSHUA GREEN, *Defendant and Appellant*.[1]

DAMAGES — LIQUIDATED DAMAGES — PENALTY — CONTRACTS — CONSTRUCTION. A contract for the removal of earth within a certain time at a fixed price per cubic yard, containing a provision that the contractor agrees that a penalty of $10 shall be deducted from his compensation for each and every day that the work continues after the stipulated time for performance, is a contract for liquidated damages and not a penalty, and evidence of the actual damages sustained is inadmissible.

SAME—WAIVER. Where a contract for the removal of earth agreed upon liquidated damages for delay in performance, and provided for payment in three equal installments, the first to be paid when the work was half done, payment of the first installment after the time for completion had expired waives the stipulated damages for delay up to the time of such payment.

Cross-appeals from a judgment of the superior court for King county, Tallman, J., entered November 27, 1906, upon the verdict of a jury rendered in favor of the plaintiff, by direction of the court in an action on contract.   Affirmed.

*Shank & Smith*, for plaintiff.

*Ira Bronson* and *D. B. Trefethen*, for defendant.

DUNBAR, J.—The plaintiff and defendant entered into an agreement, the substance of which was that the plaintiff Erickson agreed to remove all the soil from the surface of the lots mentioned therein which were owned by the defendant Green, and one-half of the width of the alley abutting on said lots on the east above the then reestablished grade of Second avenue and Pine street.   The price agreed to be paid for the removal of the earth was twenty-five cents per cubic yard.   The payment was to be made in cash, one-third of the

[1]Reported in 92 Pac. 449.

total when the work was half completed, one-third when the work was completed, the remaining one-third upon proof by Erickson that all claims against the property by reason of said work were fully satisfied; and the following clause was added to the contract:

"And the said C. J. Erickson hereby agrees that a penalty of $10 shall be deducted from his compensation for each and every day that said work continues uncompleted beyond the contract period of ninety days herein specified."

The work under the terms of this contract should have been completed on September 25, 1904. It was not completed in fact until the 1st of March, 1905. On the 16th day of December, nearly three months after the failure to complete under the contract, the defendant paid to the plaintiff Erickson $565, being one-third of the contract price. Nothing further was paid upon the contract, and this action was brought to recover the remainder of the contract price. The defendant set up the contract in defense, demanding $10 a day for the whole time which had expired between the time when the contract should have been completed and the time when it was actually completed. The court directed the jury to bring in a verdict for the plaintiff Erickson for the amount of the contract, deducting the amount paid, viz., the sum of $555.33, and the sum of $10 per day for the time which elapsed after partial payment made by defendant Green, allowing said $10 per day liquidated damages provided for in the contract; holding, in effect, that the defendant had waived the liquidated damages for the days between the time when the contract should have been completed and the time when the payment was made. Both parties appeal, the plaintiff contending that the contract was not a contract for liquidated damages but a contract for a penalty, while the defendant's contention is that the court should have allowed the liquidated damages for the entire time of the breach of contract.

The appellant Erickson complains that the court erred in excluding testimony offering to show that no buildings had been erected on the lots or in the immediate vicinity at the time of the trial, and that the defendant was not damaged by the delay in completing the work, etc.; and that the court erred in making conclusion of law No. 3, to the effect that the plaintiff was entitled to recover the amount which we have mentioned above.

The whole contention of the appellant Erickson may be disposed of by a determination of the main question, as to whether or not the contract provided for damages to be ascertained or whether it provided for liquidated damages, because if it was for liquidated damages then the testimony offered by the appellant Erickson was immaterial, for the matters and things sought to be proved by such offers had been determined by the terms of the contract. We think this was plainly a contract for liquidated damages, and the fact that the word "penalty" is used is of little value in construing the intention of the parties. Parties who execute contracts frequently do not understand the technical or professional meaning of the words employed, and if the court can gather from the whole contract the real intention of the parties, such intention will govern notwithstanding things which are contracted with reference to may be wrongly designated. In this case it is not difficult to determine that the material thing which was the subject of the contract was the deduction from the contractor's compensation of $10 per day for every day the work remained uncompleted beyond the contract period of ninety days; and that it was immaterial whether it should be designated as a penalty or as stipulated or liquidated damages. When the parties state what is to be done, the law will furnish the technical name for the transaction, which will be determined solely from the facts stated.

Outside of the use of the word "penalty" in this contract, this case falls squarely within the decision of *Reichenbach v.*

*Sage,* 13 Wash. 364, 43 Pac. 354, 52. Am. St. 51. That case involved a building contract, and the contractors stipulated that, in case of failure to complete the work by the time agreed upon for the completion, they would pay as damages a sum equal to $10 for each and every day said work and contract were delayed beyond said date, and we held that such contract was a contract for liquidated damages. This subject was discussed at length and many cases cited to sustain the rule announced, and it would serve no good purpose to repeat the argument there made, or to elaborate it especially, inasmuch as in a subsequent case, viz. *Everett Land Co. v. Maney,* 16 Wash. 552, 48 Pac. 243, the subject was again discussed at length, and the decision in *Reichenbach v. Sage* was affirmed, and it was again affirmed in *Jennings v. McCormick,* 25 Wash. 427, 65 Pac. 764.

Mr. Pomeroy, in his work on Equity Jurisprudence, vol. 1 (2d ed.), § 442, voices the almost universal rule that:

"Where an agreement is for the performance or non-performance of only one act, and there is no adequate means of ascertaining the precise damage which may result from a violation, the parties may, if they please, by a separate clause of the contract, fix upon the amount of compensation payable by the defaulting party in case of a breach; and a stipulation inserted for such purpose will be treated as one for 'liquidated damages,' unless the intent be clear that it was designed to be only a penalty."

In fact, it would seem that it would only be an exercise of prudence and good sense for the parties in such case to determine and agree in advance what the damages would be in case of a failure to comply, thereby obviating the expense, delay, and uncertainty of a suit for damages.

That the damages in this case would be difficult to determine cannot be questioned. We think, therefore, the court properly construed the contract as a contract for liquidated damages. And we are not inclined to disturb the conclusion reached by the court that there was a waiver of the provisions

of the contract in relation to liquidated damages for the time which had expired prior to the payment made to the contractor by the defendant.

The judgment in all respects will be affirmed.

Hadley, C. J., Mount, and Crow, JJ., concur.

Rudkin and Fullerton, JJ., took no part.