[No. 17902. Department One. September 14, 1923.]

GEORGE JOHNSON et al., doing business as Western Construction Company, Respondents, v. WASHINGTON PHI KEIA, INCORPORATED, Appellant.[1]

DAMAGES (35)—LIQUIDATED DAMAGES—BUILDING CONTRACTS—BREACH—DELAY IN PERFORMANCE—WAIVER. Liquidated damages at so much per day for failure to complete a building within the time limited by the contract are not waived, as to any balance due at the final completion of the building, by permitting the contractor to continue the work and complete the building and by making partial payments on the work during the period of the delay. (HOLCOMB, J., dissents).

Appeal from a judgment of the superior court for King county, Hall, J., entered September 30, 1922, upon findings in favor of the plaintiffs, in an action to foreclose a mechanics' lien, tried to the court. Reversed.

[1]Reported in 218 Pac. 263.

*Roberts & Skeel,* for appellant.

*Tucker & Hyland, Ford Q. Elvidge,* and *Mary H. Alvord,* for respondents.

MITCHELL, J.—George Johnson and others, copartners doing business as the Western Construction Company, built a fraternity chapter house and residence for the Washington Phi Keia, in Seattle. The contract was in writing, and provided that the building should be completed on or before March 1, 1921. It was not completed until May 1, 1921, at which time the construction company, claiming there was a balance due and unpaid, filed a lien upon the premises and commenced this action to foreclose it. In its answer the defendant claimed liquidated damages, under the terms of the contract, in the sum of $1,525, the same being $25 per day for 61 days delay in completing the building. The trial resulted in findings of fact and judgment in favor of the plaintiff in the sum of $1,525 and costs, and foreclosure of the lien. The defendant, upon taking proper exceptions, has appealed.

Counsel have interestingly presented a number of questions, but we are disposed to consider only one, spoken of by the respondent as the only point in the case, namely: Whether appellant is entitled to a deduction of $1,525 for 61 days' delay, the fact of delay being admitted, the respondents' contention being that the deduction for delay was waived by the making of the payments during the period of delay without deducting at the time for the delay. That is, the making of payments during the period of delay without deducting at the time for the delay, of itself, constituted a waiver or waivers of appellant's right to deduct liquidated damages for the delay at the time of final accounting. The 6th paragraph of the contract provides:

"It is mutually understood and agreed that time is the essence of this agreement and the contractor hereby distinctly agrees and guarantees to deliver the building complete and ready for occupancy by the owner on or before March 1, 1921, and in the event of his failure so to do agrees to forfeit to the owner as liquidated damages the sum of twenty-five dollars (25) per day for each and every day that the building remains uncompleted beyond that date."

The ninth paragraph of the contract provides:

"It is hereby mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and materials shall be thirty-nine thousand nine hundred ninety-eight and fifty-seven hundredths dollars ($39,998.57), subject to additions and deductions as hereinbefore provided, and that such sum shall be paid in current funds by the owner to the contractor in installments as follows: On or about the first day of each month 85% of the value of the materials, together with the labor employed thereon, as set in their permanent position in the building upon the certificate of the architect that such payments are due; the basis of said values of materials and labor to be in accordance with the stipulated amount herein set forth, and the remaining 15% within thirty days of the completion and final acceptance of the building by the architect on behalf of the owner. . . . The final payment to be made within thirty days after this contract is fulfilled. All payments shall be made upon written certificates of the architect to the effect that such payments have become due."

The building was commenced and thereafter, during the months of October and November, 1920, and January and February, 1921, appellant paid several amounts in the total sum of $20,800, each payment being made upon the certificate of the architect as provided for by the terms of the contract. Thereafter, that is, after the time limit fixed in the contract for the completion of the house, the construction work continued, on which the owner made payments of $4,500,

$4,100 and $4,500 on certificates of the architect, dated March 7, April 8 and May 16, 1921, so that it clearly appears that, at the time of making each and all of these three last payments, there was reserved, by withholding fifteen per cent of the "value of the materials, together with the labor employed thereon, as set in their permanent position in the building," more than enough at any and all times to cover the demurrage of $25 per day from and after March 1, 1921. The architect, upon making the estimate for the final payment, ascertained that, including a few hundred dollars for extras, about which the parties agreed, there was due the contractor, after deducting $25 a day for the 61 days delay, $4,575.47, in which amount he issued the final certificate on June 7, 1921. The money was promptly tendered by the owner and later accepted by the contractors, who refused to indorse the architect's certificate, hence the filing of the lien and the bringing of the suit.

First we notice the cases relied on by the respondents; they are *Brodek v. Farnum,* 11 Wash. 565, 40 Pac. 189; *Erickson v. Green,* 47 Wash. 613, 92 Pac. 449; *Wiley v. Hart,* 74 Wash. 142, 132 Pac. 1015; and *Wright v. Tacoma,* 87 Wash. 334, 151 Pac. 837.

The syllabus in the *Brodek* case that "where a payment is made on a building contract subsequent to the expiration of the time agreed upon for completion, the owner is not entitled to damages for loss of rents prior to the date of the payment by him," supports the respondents here, but the opinion in that case, as we shall hereinafter see, is not quite so broad and is authority for the appellant under the facts in the present case.

The *Erickson* case, *supra,* involved a contract for the removal of earth. Payments were to be made in cash, one-third of the total when the work was half com-

pleted, one-third when the work was completed, and the remainder upon proof that all claims of third parties, by reason of the work, were fully satisfied. The contract provided for a penalty of $10 per day for delay in completing the work within the time limited in the contract.

"The work under the terms of this contract should have been completed on September 25, 1904. It was not completed in fact until the 1st of March, 1905. On the 16th day of December, nearly three months after the failure to complete under the contract, the defendant paid to the plaintiff Erickson $565, being one-third of the contract price. Nothing further was paid upon the contract, and this action was brought to recover the remainder of the contract price. The defendant set up the contract in defense, demanding $10 a day for the whole time which had expired between the time when the contract should have been completed and the time when it was actually completed."

The principal controversy in the case was whether or not the demurrage clause in the contract should be construed so as to provide for a penalty or liquidated damages. Upon the question of waiver, however, it was said:

"And we are not inclined to disturb the conclusion reached by the court that there was a waiver of the provisions of the contract in relation to liquidated damages for the time which had expired prior to the payment made to the contractor by the defendant."

It is not clear if, by that language, it was meant that the payment of itself effected a waiver, but for the purposes of the present case we may assume that it was so intended, and yet it would not be authority for the judgment in this case. The reason for the conclusion just mentioned is that the statement of the facts in the case shows that the payment, which was the first and only one made, consisting of $565, being one-third of the contract price, together with $10 per

day for the 82 days intervening between the time fixed by the contract for completing the work and the date of the payment, would amount to a sum greatly in excess of the contract value of the removal of one-half of the earth covered by the contract. Such conduct, especially if coupled with other facts and circumstances, might well be treated as constituting estoppel to deny a waiver of the right to liquidated damages up to that time. But, as already seen, no such situation arises in the present case, wherein, at the times of each and all payments, the owner reserved more than enough to protect his rights under the clause of the contract providing for liquidated damages.

The *Wiley* case, *supra,* was a very complicated one. So the opinion says. The case is not helpful here, however, because it is plain that damages for delay were denied or found impracticable of application in that case for substantial causes that included payment of the contract price after the date fixed by the contract for the completion of the building. In the case it was said:

"Having in view all of the facts and circumstances touching the respective faults of the contractors, the architect, and the owners, and the payment of a large sum to the contractors after the contract time for completion and when the owners were claiming defective construction, we conclude that it is wholly impracticable to apportion the claimed damages for delay in the finishing of the building, and therefore none should be allowed under the demurrage clause in the contract."

In the *Wright* case, *supra,* language was used which, strictly speaking, is at variance with the conclusion we reach in the present case, but not at all so if we bear in mind, as we must, the rule that language used in an opinion must be considered with reference to the facts then under consideration. The language of that opinion referred to is predicated on the case of *Erickson v.*

*Green, supra,* similar in its controlling features upon this point to the *Wright* case, and which, as we have seen, is dissimilar to the present case. In the *Wright* case, *supra,* demurrage was claimed for 373 days following the completion of the work and the acceptance of it by the city. Such claim had never been asserted by the city until it was set up as an offset in an affirmative answer, and it appeared that in the meantime and in the face of large demands by the contractor the city at all times denied liability in excess of $71,444.84, *all of which it had paid long prior to its claim for liquidated damages.* These cases, relied on by the respondents, are therefore easily distinguishable from the present one so far as their controlling features are concerned and are not in point here.

The case of *Brodek v. Farnum, supra,* already adverted to, had its complications. The suit was brought by the owner to recover damages, including the loss of rents, because the building was not completed on time. The original contract was with Farnum, who it seems commenced the work that was continued and completed by Stetson, who claimed to have done his part of the work under a second contract with the owner. The owner claimed that the work was done under the original contract and that the price therefor had been paid before the commencement of his suit. Stetson appealed from a judgment against him. It appears that the owner made several payments as building progressed after the time it should have been completed under the contract, but it does not appear whether such payments represented the full value of the work accomplished at the time of the respective payments. In the opinion it was said:

"In connection with this same matter it is contended that the court erred in overruling the motion of appellant to exclude from the consideration of the jury all

evidence as to loss of rent accruing between July 1, 1890, and September 9, 1890, the first date being the time fixed in the original contract for the completion of the building, and the last date being the time when the last payment was made by the plaintiffs to Stetson. We think this point is well taken, for if no contract had been entered into with Stetson for the completion of the building after the falling of a portion of it, and conceding that Stetson was continuing the work under the original contract, the making of these payments with full knowledge of the facts was a waiver of all claims for damages,. *except as against the balance remaining unpaid,* for a failure to complete the building by the time specified, up certainly to the date of the last payment, and the plaintiffs could not maintain an action therefor.''

One of the best reasoned cases called to our attention or that we have been able to find is *Lawrence County v. Stewart,* 72 Ark. 525, 81 S. W. 1059. The county agreed to pay the contractors in monthly installments for building a courthouse, as the work progressed, in proportion to the amount of material furnished and work performed, as shown by certificates of the architect. The contract provided that ten per cent of the whole amount should be retained until the work was completed and accepted. It also provided that the contractors should forfeit, as liquidated damages, $10 a day for failure to complete the work by a specified time. The building was not completed until about two months after the day mentioned in the contract. The contractor claimed that part payment after the time specified for completion of the building constituted a waiver of any claim for liquidated damages. In discussing and disposing of that contention, the court said:

''As a general rule, a waiver, to be binding, must either operate by way of estoppel or be supported by a valuable consideration. 28 Am. & Eng. Ency. Law

(1st ed.), 531. Now, making a part payment of the amount due the contractors after the time specified for the completion of the building, although the building was still incomplete, was not inconsistent with the claim for damages on account of delay in completing the building, for the county still retained enough of the consideration to cover the damages claimed by it on that account. The fact that the building was not completed within the time required did not justify the county in refusing to make any further payments, for by the terms of the contract payment for the work was to be made as it progressed, and the entire consideration was not forfeited by the failure to complete within the time specified. The amount of damages that the county could recover in such event was fixed by the contract, and the county would not have been justified in withholding a much larger amount than was sufficient to cover the damages arising from such default. The county is not asking judgment against plaintiffs for a return of the money it paid them, and we can therefore see nothing in such a payment that could have misled the plaintiffs in any way."

The case of *Stephens v. Essex County Park Commissioner*, 143 Fed. 844, was one where the plaintiff performed work under a contract that contained time limit and liquidated damage clauses. Payments were made upon certificates of the architect. There was a delay in completing the contract and payments of three orders of the architect were made after the delay commenced. Concerning such payments, the circuit court of appeals said:

"Of the certificates, enough has already been said, and that the payments referred to would not, in and of themselves, warrant an inference of waiver, is, in our opinion, unquestionable."

It is not deemed needful to refer to other authorities which upon principle suggest the same conclusion. The appellant has done nothing at variance with the terms of the contract, nor is it contended by the respondents

that they were prejudiced or misled by the payments made during the period of delay. Respondents' contention cannot be upheld except by holding that, where parties are situated as these were, if the owner leniently permits the contractor to continue after he has failed to fully perform within the time limited by the contract, then the owner cannot escape the imputation and charge of waiver of liquidated damages solemnly contracted for, if he pays from time to time eighty-five per cent of the value of the work accomplished, although the remaining fifteen per cent withheld shall be entirely sufficient to cover the liquidated damages. That is, if during a period extended by favor of the owner for the completion of the work, the owner complies with a part of his contract obligations, meant entirely for the benefit of the contractor, and pays an amount equal to eighty-five per cent of the value of the work done at the time of such payment, he thereby waives his right to liquidated damages provided for in the same contract, and that to the advantage of the contractor, who has been favored and who has been paid according to the terms of the contract, although the owner retains in his possession, as he is permitted to do under the contract, more than enough to cover the liquidated damages.

Our conclusion is that the judgment in this case is wrong and that it should be, and is hereby, reversed, with directions to the superior court to enter judgment in favor of the appellant, dismissing the action.

MAIN, C. J., BRIDGES, and MACKINTOSH, JJ., concur.

HOLCOMB, J., dissents.