## JULY TERM, 1843. 309

Halsa vs. Halsa.—Austin vs. Feland, Graves and Graves.

## AUSTIN vs. FELAND, GRAVES AND GRAVES.

Petition in debt against A., B., and C., on a note assigned to plaintiff by one W.—The defendants pleaded jointly *nil debit.* A. and B. pleaded, also, by way of set-off, that W., the assignee of plaintiff, was, before and at the commencement of the suit, indebted to said A. by note, in a certain sum, and that said W. was also indebted to said B. in a certain sum, to be paid in notes and accounts. *Held:* That the plea was good, because—

1. That whether at common law defendants in actions *ex contractu* could plead separately or not, the act of February 13, 1839, regulating practice at law, permitting plaintiffs at will to join

*Austin* vs. *Feland, Graves and Graves.*

as many defendants in actions *ex contractu* as they please, certainly gives to defendants the right to plead separately.

2. That it was not necessary to aver, in the plea of set-off, that the debt mentioned was due at the time of the assignment of the note.

3. That it is a general rule that where *indebitatus assumpsit* will lie on a simple contract, the debt due by such contract may be plead as a set-off; therefore the notes and accounts mentioned in the plea were subjects of set-off.

4. That one of two defendants in an action *ex contractu* may set off a demand due him by the plaintiff; therefore A. and B. were properly permitted to set off demands due them separately from the assignee of the plaintiff.

ERROR to the Randolph Circuit Court.

DAVIS, *for Plaintiff in Error.*

The plaintiff insists that the plea of set-off is bad, and that upon the demurrer the judgment should have been for him.

The plea avers that one of the notes on Wear, the assignor, to plaintiff, of the note sued on, was to be paid in *notes and accounts.*—5 Mon., 83. The plea does not show that the demand offered to be off-set was due and owing to Wear before and at the trial of the assignment of this note to plaintiff.

The Circuit Court ought to have given the instruction of plaintiff, and it ought not to have given the instruction of defendants.—4 Mo. Rep., 233.

Damages cannot be set-off under the act.—2 Johns. Rep., 150, Gordon *vs.* Bourne.

Must be due in the same right.—See Chitty on Contracts, 328, 329; 11 Mass. Rep., 140, Walker *vs.* Leighton et al.; 4 Rand. Rep., 359, Parton *vs.* Neckerois.

SCOTT, *Judge, delivered the opinion of the Court.*

This was an action, commenced by petition in debt, on a note executed by the defendants, and made payable to William Wear, and by him assigned to the plaintiff, Austin.

The defendants pleaded jointly *nil debit*; J. H. Graves and Robert Graves pleaded, by way of set-off, that William Wear, the assignor of the plaintiff, was, before and at the commencement of the suit, indebted to J. H. Graves, one of the defendants, by note, in the sum of seventy-five dollars; and that the said William Wear was indebted to Robert Graves, another of the said defendants, in the sum of one hundred and seventy-seven dollars, to be paid in notes and accounts. To this plea the plaintiff demurred, and the court overruled the demurrer, and thereupon the parties went to trial, and the jury, to use their own language, found as in case of a non-suit. A motion for a new trial was made by the plaintiff and overruled, and he has brought his case here by writ of error.

It is contended by the plaintiff, that the defendants could not plead separately; that this being an action *ex contractu*, all the defendants should join in a plea in

bar. There are respectable authorities for the position that defendants pleading to the merits, in an action *ex contractu*, should join. (6 Mass. Rep., 444.) But others are against it. (Moravia *vs.* Hunter and Glass, 2 Maule and Selwyn, and Minor et al. *vs.* The Mechanics' Bank of Alexandria, 1 Peters' Rep., Comyns' Digest, title, "Pleader," 35.) However this question might be at common law, it would seem that the act of assembly of February 13, 1839, permitting plaintiffs at will to join as many defendants in actions *ex contractu* as they please, and to recover against one or more of them, had changed the law, had it been otherwise. In all actions of tort it was never questioned but the plaintiff could join several, and recover against one or more of them; hence it was always held that, in such actions, defendants could sever in their pleas. *Ubi eadem ratio, ibi eadem lex.*

It was next objected, that the demurrer to the plea of set-off should have been sustained, because it was not averred in the plea; that the debt mentioned in it was due at the time of the assignment of the note. We do not see the ground on which this objection is based. There is no doubt of the general principle that a set-off should be due and owing to the party by whom it is plead at the commencement of the action. (Chitty's Plead., 604.) Our statute prescribes, that the nature of the defence of the obligor, or maker, shall not be changed by the assignment, but he may make the same defence against the bond or note in the hands of the assignee that he might have made against the assignor, and that the obligor, or maker, shall be allowed every just set-off and discount against the assignor before the assignment. This was *debitum in presenti solvendum in futuro*. Whether it could be used as a set-off would depend on the plaintiff; if he brought his action against the maker or his assignee before it was due, it is clear it could not have been used as a set-off; but delaying his action until it was due, the defendant's right to employ it as a set-off was unquestionable.

Another point in the cause is, that one of the debts pleaded as a set-off was payable in notes or accounts, and therefore could not be used as a set-off. It is a general rule that where indebitatus assumpsit will lie on a simple contract, the debt due by such contract may be plead as a set-off. A set-off is never admitted in actions *ex contractu*, if the claim be for uncertain unliquidated damages. (Chitty, 604.) In the case of Colson *vs.* Welsh, Esp. Nisi Prius, Lord Kenyon held the statute of set-off applied only to mutual debts; that when the plaintiff's demand was on a special agreement a set-off was never allowed, although it might be when the plaintiff had recourse to the money counts. Debts may be set-off where indebitatus assumpsit will lie. (Coup., 56; 6 Tenn., 488; 2 Burr, 1024.) An action of debt would lie for goods and chattels by the common law. (Wherewood *vs.* Shaw, Selverton, 25.) In the case of the Earl of Falmouth *vs.* Penrose, 13 Eng. Com. Rep., 205, it was held, that indebitatus assumpsit would lie for goods and chattels. In that case, the declaration alleged that the defendants were indebted to the plaintiff in divers, to wit, one hundred fish of the value of £10. Our statute gives an action by petition in debt, on notes for the payment of money or property. If, then, debt, or indebitatus assumpsit, would lie on the note set out in the defendants' plea, it would follow, therefore, that it could be used as a set-off.— See 7 Weir, 311.

*Austin* vs. *Feland, Graves and Graves.*

A fourth objection is, that the defendants being sued jointly, they were permitted to set-off demands due them separately, from the assignor of the plaintiff. There are authorities for the position that one of two defendants may set-off a demand due him by the plaintiff. (12 Serg. and Rawle, Stewart *vs.* Coulter.) If there is any objection to this, it must be technical. It is because it is a matter not between the plaintiff and all the defendants. If a plaintiff sues two in debt, one of them may plead payment, or a tender with his own money, and thereby defeat a recovery. Why, then, if he will take his own debt, and set it off against the plaintiff, and thus defeat his action, may it not be done? There is no solid distinction between the case of a payment with his own money by one defendant, and pleading a set-off due him alone. The case would be different if the demand was due two defendants, and one of them was not sued, or, if sued, would not join in the plea. So, if in the case before the Court the debt offered to be set-off was due by the plaintiff and another, it would not have been allowed. If we follow the English cases too closely, they will lead us astray. If we will give the statute of set-offs such a construction as will prevent the payment of one man's debt with the debt of another, without his consent, the law will be satisfied. We must bear in mind that all joint contracts and promises, by our statute, are joint and several; and that our mode of doing business, by taking security to notes and bonds, may create a necessity for a departure from the English authorities. The right of set-off in many cases is a right of great importance, and is essential in order to do justice between the parties, and to prevent one from getting an advantage over another, which justice forbids. Courts will ascertain who is the real creditor, and who is really the debtor. If a plaintiff sues a defendant, and the defendant holds a note on the plaintiff, in which the plaintiff alone is principal and another is security,— if these facts appeared in a plea of set-off, it would be hard to resist the justice of such a demand. So, if a defendant were sued on a note to which there was security, even if the surety was not joined in the action, where would be the impropriety of allowing the defendant to use a set-off he might have against the plaintiff?

There were some irregularities in the progress of this cause in the court below, but they were of such a character as not to effect its merits, and of which the plaintiff cannot complain. When the demurrer to the plea of set-off was overruled, the court should have entered final judgment on the demurrer, as the plaintiff did not ask leave to withdraw it, and take issue on the plea. The plea of set-off standing admitted on the record, was a bar to the plaintiff's action, and there was no necessity for a trial of the issue on the plea of *nil debit.* As to the permission given by the court to the defendants, to mend their plea, we cannot see how the plaintiff was injuriously affected by it. It was a matter of form, and such amendments, in affirmance of judgments, may be made at any time.

Judgment affirmed.