JULY TERM, 1844.  665

Saint Louis Floating Dock Insurance Company vs. James G. Soulard.

ST. LOUIS FLOATING DOCK INSURANCE CO. *vs.* JAMES G. SOULARD.

1. A judgment of nonsuit cannot be entered against a plaintiff without his consent.

2. A note payable in property is admissible in evidence under the money counts.

APPEAL from the St. Louis Court of Common Pleas.

LEONARD *and* BAY, *for Appellants.*

1. A promissory note may be given in evidence, under the money counts, in an action by the assignee against the maker.—Tatlock *vs.* Harris, 3 D. and E., 174th American edit., 85; Pierce *vs.* Crafts, 12 Johns. Rep., 90; Wild *vs.* Fisher, 4 Pick., 421; Ramsdell *vs.* Soule, 12 Pick., 126; Olcott *vs.* Rathbone, 5 Wend., 490.

2. A note payable in property is admissible in evidence under the money counts.—Smith, Administrator, *vs.* Smith, 2 Johns. Rep., 235; Crandal *vs.* Bradley, 7 Wend., 311.

SPALDING *and* TIFFANY, *for Appellee.*

1. The nonsuit was right, as the note was not evidence under the common counts.—7 Mo. Rep., 595; 2 Phil. Ev., 15–19.

2. There is no sufficient reason assigned for setting aside the nonsuit. 1 Mo. Rep., 718: that it cannot be set aside on an insufficient reason alleged, though a sufficient one may exist.

3. No exception is taken to the act of the court, excluding the note from the jury, which it is presumed caused the plaintiff below to take a nonsuit, nor to the refusal to set aside the nonsuit; the only exception is to the *judgment,* which judgment is right.—7 Mo. Rep., 403; 5 Mo. Rep., 246.

TOMPKINS, J., *delivered the opinion of the Court.*

This was an action of assumpsit brought by the appellant against James G. Soulard, the appellee, on a promissory note made by the latter to one Julia Soulard, and assigned to the plaintiff. The note is as follows:

" Sixty days after date I promise to pay, to the order of Julia C. Soulard, the sum of eight hundred dollars in currency, without defalcation or discount.

(Signed)  " JAMES G. SOULARD."

The declaration contained a special count upon the note, and the common counts. The plaintiff, on the trial, withdrew the special count, and the corporate existence of the plaintiff being admitted, and the endorsement, &c., of the note proved, he offered it in evidence under the common counts. The defendant

84

objected to the admission of the note in evidence under the common counts, upon the ground that it was payable in currency, and was not evidence under the common counts; "whereupon," says the bill of exceptions, "the court nonsuited the plaintiff;" to which judgment of the court the plaintiff excepted, and filed a motion to set aside the judgment of nonsuit, which motion was overruled. We are not told, in this bill of exceptions, that the court sustained the defendant's objection to receiving this note in evidence; but after that objection was made by the defendant, the court nonsuited the plaintiff, as it is stated, and we are left to conjecture that the court excluded the note, and ordered a nonsuit to be entered against the plaintiff because he did not prove his case.

In the case of Welles *vs.* Gaty et al., decided at this term, the judgment of the Court of Common Pleas of St. Louis county was reversed, because that court directed a nonsuit to be entered against the plaintiff. In the case of Barada et al. *vs.* The Inhabitants of Carondelet, decided at this term, this Court decided, that the court of original jurisdiction had no authority to direct a nonsuit to be entered against the plaintiff. We have no record evidence whatever that the court decided this note not to be admissible in evidence under the common counts. This, however, may be the fault of the defendant, who neglected to except to the decision of the court, if, indeed, it did so decide. The 31st section of the act to regulate practice in the Supreme Court provides, that "no exception shall be taken, in an appeal or writ of error, to any proceedings in the Circuit Court, except such as shall have been expressly decided by such court." The proceedings to which exception was taken here, is the nonsuit. This, in all probability, was but the minor point; for the counsel have argued the case as if it appeared on record that the court had decided that this note is not admissible in evidence under the common counts. It is not easy to tell why that court assumed the power to direct a nonsuit to be entered, unless it acted under the impression that it had been decided that the note was excluded. It is not, certainly, expected that the court will, by way of argument, declare that the nonsuit was directed, because no evidence of indebtedness was produced by the plaintiff. But its decision, that this note was not admissible evidence in this case, if it had been spread on the record, would have shown to this court very plainly why the plaintiff, if he had considered the case doubtful, ought to have desired to submit to a nonsuit, and, indeed, to have prayed leave of the court to take a nonsuit, with leave to move to set it aside. But as this record now stands, this court cannot, consistently with the provisions of the said 31st section, decide any point, except the propriety of the order that a nonsuit be entered. But as this case may be brought before this court again, in order to save expense to the parties, it may not be amiss to say something concerning the admissibility of the note in evidence under the common counts. In Crandall *vs.* Bradley, 7 Wend., 311, it is decided, that a note payable in specific articles is admissible in evidence under the money counts. In accordance with this decision, this Court, in the case of Austin *vs.* Feland et al., decided, that a debt payable in notes or accounts might be pleaded as a set-off against a note executed by the defendants. (8 Mo. Rep., 311.) But this Court cannot reverse the judgment of the Court of Common

Pleas, because this Court was excluded from the jury, because it does not appear, on the record, that it was excluded; but we are left to conjecture that, by a decision of the court, it was excluded. The opinion, therefore, of the Court on this point may not have the same authority as if it were on a point which the record showed to have been decided by the court of original jurisdiction. This Court, however, reverses the judgment of the Court of Common Pleas, because it directed a nonsuit to be entered against the plaintiff.

The cause must be remanded.