ROBINSON *versus* FURBUSH *and Trustees.*

In a trustee process, co-partners, summoned as trustees, and indebted to the principal defendant, may set off a claim due from him to one of the co-partners.

ON EXCEPTIONS from the *District Court*, RICE, J.
TRUSTEE PROCESS.

The question was upon the liability of the trustees. They disclosed and showed that as co-partners, they owed the principal defendant at the time of the service of the writ, $56,51, but he was indebted to one of them, in his individual capacity, $73,27. The Judge allowed the claims to be set off, and discharged the trustees. The plaintiff excepted.

*Lancaster & Baker*, for the plaintiff.

*B. A. G. Fuller*, for the trustees.

HOWARD J. — The assumed allegations, and proof of facts not stated or denied by the supposed trustees, were not relied upon, at the argument, under the provisions of the R. S. c. 119, § 33, and amendment, 1842, c. 31, § 15. The exceptions only, are properly before us, for consideration. Upon them, however, we are authorized to reëxamine and determine the whole case, both as to fact and law, " when, in the discretion of the Court, justice shall require. Stat. 1849, c. 117, § 1, 2.

The supposed trustees were partners, and disclosed the state of the accounts between themselves and the principal. They were indebted to him, and are trustees, unless a payment by one of them, can be retained or deducted from the credits in their hands R. S. c. 119, § 70.

Each partner is liable for the partnership debts, and may discharge them with his private funds, or with those of the partnership, as he pleases. Existing relations and rights, in this respect, are not affected by the interposition of the trustee process, excepting in reference to subsequent payments.

One summoned as trustee of several defendants, not general partners, to whom he is indebted, having a claim against a

part of them, may set it against his indebtedness to those who are thus indebted to him. *Fisk* v. *Herrick & trustee*, 6 Mass. 271. But when the defendants are partners, his indebtedness would constitute partnership funds, which he could not appropriate to the payment of the private debts of the individual partners, and the set-off could not be allowed.

Where the supposed trustee has a debt due from the defendant jointly with others, whether partners or not, he may set it against what is due from him to the defendant, as the latter would be liable for the joint debt, and the demands would be mutual.

So when one of several jointly indebted to the defendant, is summoned as his trustee, having several demands against him, he may be allowed to set it against his joint liability, whether the joint debtors be summoned or not, and whether they be partners or not; upon the principle that any one liable for it, may discharge a debt. Yet, one thus summoned may object to answering, on account of the non-joinder of the joint debtors; and those not summoned may discharge the joint indebtedness, unaffected by the trustee process. *Hathaway* v. *Russell*, 16 Mass. 473; *Hutchinson* v. *Eddy*, 29 Maine, 91.

The demand of one of the trustees, in this case, against the principal debtor, accruing before service of this process, was allowable in set-off to his joint liability.

*Exceptions overruled, the judgment*
*of the District Court affirmed, and*
*the Trustees discharged.*

SHEPLEY, C. J., TENNEY and APPLETON, J. J. concurred.