Smith vs. Dickinson.

SMITH, Respondent, vs. DICKINSON, imp., Appellant.

*September 21 — October 11, 1898.*

*Equity: Contribution between guarantors: Counterclaim: Insolvency of corporation: Unpaid stock subscription: Parties.*

1. In an action for contribution between guarantors of the note of a corporation, a debt due from the plaintiff to the corporation on a subscription to its stock cannot be allowed as an equitable counterclaim in favor of the defendant on the ground that the corporation, which would be answerable over to him, is insolvent, where such insolvency is a mere present inability of the corporation to pay its debts as they fall due, but there is a trust fund, consisting of unpaid subscriptions for stock, owing by solvent stockholders, amply sufficient to meet all liabilities.

2. All solvent stockholders of the corporation whose stock subscriptions are unpaid are interested parties in such case, and should be before the court for an adjustment of their rights before such an application of the liability of any one of them can be made.

APPEAL from a judgment of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

Action for contribution between guarantors. Plaintiff and defendant jointly guaranteed the payment of a promissory note, which, in process of time, plaintiff was compelled to pay in full, whereupon he brought this action against his co-guarantor to recover one half of the amount so paid. The

defendant answered, denying that plaintiff paid the note as claimed by him, and alleging that he paid it by discharging his own indebtedness to the corporation.   The facts claimed in that regard were also set up as an equitable defense, and after the trial and before judgment the court allowed an amendment, putting the equitable defense into the form of an equitable counterclaim.   The cause was tried by the court and resulted in findings of fact covering the issues raised by the pleadings, in substance as follows:

(1) June 7, 1893, the Milwaukee & Eastern Transit Company, by its promissory note dated on that day, promised to pay to the Wisconsin Marine & Fire Insurance Company Bank, one day after date, $53,000, with interest at the rate of seven per cent. per annum.

(2) Before the note was delivered, plaintiff and defendant *Dickinson* duly guaranteed the payment thereof.

(3) After the maturity of the note, plaintiff was obliged to, and did, pay the note, the amount required being $60,018.39.

(4) By reason of such payment defendant *Dickinson* is now indebted to the plaintiff in the sum of $32,978.41.

(5) When plaintiff paid the note he was the holder of certificates for ninety-two shares of the capital stock of the debtor company, of the par value of $92,000, thirty shares having been subscribed for by him in May, 1891, twenty-nine shares October 19, 1891, and thirty-three shares acquired by purchase, on all of which twenty per cent. has been paid. Defendant *Dickinson*, in May, 1891, subscribed for ten shares and received certificates therefor upon the payment of twenty per cent. of their face.   He thereafter paid a call or assessment on such stock of ten per cent.   From the organization of the company until after the payment of the note by plaintiff, he was the president, treasurer, and one of the directors of the corporation, and the defendant was its secretary, general manager, and one of its directors.

(6) Before plaintiff paid the note, various assessments or calls upon the capital stock of the corporation were attempted

to be made, amounting in the aggregate to sixty-four per cent., but they were invalid, no by-law or regulation of the corporation, providing for calling in subscriptions to stock, having been made.

(7) Plaintiff did not, by reason of the assessments mentioned, become liable to the corporation in any sum whatever.

(8) Defendant's equitable defense is not sustained, and he is therefore liable to the plaintiff in this action in the sum of $32,978.41 and costs.

Exceptions were filed on the part of defendant *Dickinson* to raise the question as to whether the finding that plaintiff did not become liable to the corporation on account of the assessments attempted to be made upon the corporation stock, and the question of whether, if he did become so indebted, the indebtedness should be applied to extinguish his claim for contribution. Judgment was rendered in favor of the plaintiff, and defendant appealed.

For the appellant there was a brief by *N. B. Neelen* and *Austin & Fehr*, and oral argument by *W. H. Austin*. To the point that defendant was entitled to relief under his counterclaim they cited De Colyar, Guaranty, *315; Brandt, Suretyship & G. (1st ed.), § 228; *Bezzell v. White*, 13 Ala. 422; *Morrison v. Taylor*, 21 id. 781; *Stallworth v. Preslar*, 34 id. 509; *Gillespie v. Torrance*, 25 N. Y. 306; *Coffin v. Mc-Lean*, 80 id. 560; *Hiner v. Newton*, 30 Wis. 640; *O'Blenis v. Karing*, 57 N. Y. 649; *Faurot v. Gates*, 86 Wis. 574; *Davis v. Toulmin*, 77 N. Y. 280; *Smith v. Felton*, 43 id. 421; *Wells v. Miller*, 66 id. 255; *McGehee v. McGehee*, 12 Ala. 83; *Dennis v. Gellespie*, 24 Miss. 581; *Mason v. Lord*, 20 Pick. 447; *Atkinson v. Stewart*, 2 B. Mon. 348; *Bachelder v. Fiske*, 17 Mass. 464; *Schulze v. Steiner*, 100 Ala. 149; *McDonald Mfg. Co. v. Moran*, 52 Wis. 203; *Dobie v. Fidelity & C. Co.* 95 id. 540; *Pendleton v. Beyer*, 94 id. 33.

For the respondent there was a brief by *Miller, Noyes, Miller & Wahl*, and oral argument by *Geo. H. Noyes*.

MARSHALL, J.   The principal contentions of appellant on this appeal are that the court should have found that assessments on stock subscriptions were due and payable to the maker of the note from plaintiff; that such maker was insolvent so that any sum paid by defendant as contributor could not subsequently be recovered of such maker by him; and that by reason of the facts defendant was entitled in equity to the use, as an equitable counterclaim to plaintiff's cause of action, of the latter's indebtedness to the corporation.   The equitable doctrine invoked is well established. It permits claims, whether such as are the subjects of setoff or counterclaim under the statute or not, to be applied upon the principal claim in suit on equitable principles, where circumstances exist such as to render that course necessary in order to prevent injustice.   The subject received a pretty full discussion in *Pendleton v. Beyer*, 94 Wis. 31, where many cases in this and other courts are cited.   The doctrine may be properly stated thus: Where a person has a contract claim against another or several others to whom a third insolvent person is answerable over, and said third person has such a claim against the first person reducible to a money judgment, whether technically due or not, or where such first person is insolvent and has such a claim against several, either jointly or as partners, and they, or one or more of them, individually, have like claims against him, whether properly the subjects of counterclaim under the statute or not, they constitute equitable counterclaims or setoffs so far as necessary to adjust the ultimate rights of the parties and prevent injustice.

*Pendleton v. Beyer, supra,* is an apt illustration of one phase of this rule.   The plaintiff there sued the defendant for a settlement and accounting of partnership affairs, alleging that on such settlement and accounting a considerable sum of money would be found justly due him.   Defendants alleged the insolvency of plaintiff and counterclaimed for

demands due them in severalty, some connected with and some independent of the partnership transactions. Each defendant asked that any sum found due from him to plaintiff, or to the firm for plaintiff's use, might be diminished by the amount justly due him from the plaintiff. None of the claims was such as would satisfy the statutory requisites of a counterclaim, yet they were all held good as equitable counterclaims on account of plaintiff's insolvency. Again, in *Linderman v. Disbrow*, 31 Wis. 465, the action was at law for an unpaid balance for a bill of goods. Defendant answered, among other things, that the parties and a third person were copartners, and alleged facts sufficient to show that he was entitled in equity to a settlement of the partnership transactions, and that it would show a considerable indebtedness from the plaintiff to him, which he requested to be applied upon plaintiff's claim, and that the third member of the firm be brought in in order that a complete settlement and accounting of the partnership affairs might be had for that purpose. On appeal it was held, following *Sprout v. Crowley*, 30 Wis. 187, that the facts did not constitute an equitable defense or counterclaim, but only because of want of an allegation and proof of fraud, insolvency, or other special circumstances to call for the application of the equitable doctrine.

The general doctrine running through all the cases on the subject is that equity will set off cross demands against each other, whether the subject of setoff or counterclaim under the statute or not, if, on account of the nature of the claim or the situation of the parties, justice cannot otherwise be done. When cross demands must be so offset in order to prevent the situation of one being obliged to pay and look to an insolvent person to reimburse him, or to pay while having a claim against the payee not the subject of a counterclaim under the statute, and which will be lost if not extinguished by the cross demand, equity will brush aside all

forms in order to adjust the real equity between the parties by using one claim upon the other.

A study of this case leads to the conclusion that the doctrine above discussed, and upon which appellant relies, cannot be successfully invoked here, even assuming that the court should have held that respondent was indebted to the corporation for unpaid subscriptions, as appellant claims, for several reasons.

First, there is no finding that the maker of the note was insolvent, and no proof to sustain such a finding when the amounts of unpaid subscriptions are considered as a part of the corporate assets for the payment of liabilities, and they must be so considered in determining the question of the ability of defendant to collect of the corporation. True, the corporation was insolvent according to the ordinary acceptation of the term; that is, it was unable to pay its debts as they fell due; but insolvency to call into action the equitable doctrine discussed in this opinion means more: it means an insufficiency of assets to meet liabilities. That is manifest, because the doctrine applies only where, from the situation of the parties, justice cannot otherwise be done. That cannot be said to be the situation merely because of the insolvency of a corporation in that it is not presently of sufficient ability to meet the demands upon it, if there is a trust fund consisting of unpaid subscriptions for stock, owing by solvent stockholders, amply sufficient to meet all liabilities.

Several of the parties interested, whose equities would be affected by the judgment, were not before the court. All solvent stockholders at least were interested parties. They were liable to contribute in proportion to their stock to a fund sufficient to pay all the corporate debts, unless they exceeded the amount due on the stock, but no one creditor had a right to take, for his sole benefit, the assessment, or any special part of it, against any portion of the stock in advance of a complete settlement of the corporate affairs

and an adjustment of the rights of all stockholders on a basis of equality. No one stockholder could be compelled to pay more than his share by exhausting the calls against another for the benefit of a particular creditor. Otherwise, in the winding-up proceedings, the rights of some stockholders might be seriously impaired. So, before any specific application could be made, as was sought for by defendant here, the ultimate rights of all parties interested would necessarily have to be determined. That was not possible because the parties were not all before the court. So, as said, independent of whether the court found rightly on the subject of plaintiff's indebtedness to the corporation, the judgment appealed from cannot be disturbed.

*By the Court.*— The judgment is affirmed.