Piotrowski v. Czerwinski, 138 Wis. 396.

---

PIOTROWSKI, Appellant, vs. CZERWINSKI and others, Respondents.

*February 17—March 9, 1909.*

*Setoff: Equitable counterclaim against claim of nonresident insolvent.*

1. A court of equity will permit an equitable setoff when justice requires it, even in a case not coming within the statute of setoffs.

2. In an action upon promissory notes, of which the plaintiff was not a *bona fide* holder, it appeared that the payee, who was the real party in interest, was a nonresident, was insolvent, and was indebted to the several defendants, residents of this state, in sums exceeding the amount of the notes sued on, and that if they could not set off such debts due from him they must lose them altogether. *Held,* that the court properly allowed such debts to be set off as equitable counterclaims in the action.

[3. Whether, the indebtedness of defendants on the notes being joint,
    and the indebtedness of the payee being to them severally, the
    latter would constitute legal counterclaims, is not determined.]
4. Any one of the defendants in such case might set off his entire
    claim against that of the plaintiff in order to reduce the amount.
    he might be called upon to pay upon an execution.
5. The offsetting of such claims would bar defendants from there-
    after maintaining an action against the payee of the notes in
    suit upon the claim so offset.

APPEAL from a judgment of the circuit court for Milwau-
kee county: WARREN D. TARRANT, Circuit Judge.    *Affirmed.*

The court found that on October 4, 1904, the defendants
executed and delivered to Ignatz Kowalski their promissory
note for $275, which became due January 2, 1905, and that
on the same date they executed another note for a like sum,
which became due March 2, 1905, and that the consideration
for which said notes were given to said Kowalski was an in-
debtedness due him from the Polish Publishing Company, a
corporation in which the defendants were interested, and that
said defendants were not jointly indebted to said Kowalski
at the time said notes were given; that at the time the notes
were executed all of the parties resided at Milwaukee, Wis-
consin, but that about a month thereafter said Kowalski re-
moved to the city of Chicago, and ever since has been and
still is a resident of the state of Illinois; that the plaintiff is
an attorney at law residing in Chicago, and that he purchased
the note first maturing after it became due, and purchased the
second of said notes before the same became due, but took the
same with full knowledge and notice of all equities existing
between said Kowalski and the defendants; that said Ko-
walski commenced an action on the note due January 2, 1905,
and that the same was dismissed because of his failure to com-
ply with an order requiring him to file security for costs, and
judgment for costs amounting to $32.20 was recovered against
him in said action; that prior to the date of the execution and
delivery of said notes said Kowalski was indebted to the de-

fendant *Stanley E. Czerwinski* in the sum of $102.23, together with interest thereon, and to the defendant *Albert H. Czerwinski* in the sum of $171.75, with interest, and to the defendant *Max Dominski* in the sum of $311, and to the defendant *John Gawin* in the sum of $112.95; that said Kowalski is now, and ever since the maturing of each of said notes has been, insolvent; that the plaintiff is not and was not a *bona fide* holder of either of said notes, and that said Kowalski is the real and sole owner of the same; that plaintiff is only interested therein as attorney for Kowalski; that plaintiff paid not more than the sum of $100 for the note first maturing, and not to exceed $150 on the second of said notes.

As conclusions of law the court found that the sums due to the several defendants from said Kowalski constituted equitable counterclaims of said defendants against any sum found to be due upon the notes in suit, and that the defendants were entitled to judgment dismissing the complaint.

No bill of exceptions was settled in the case, so that the findings of the court are verities. The error assigned is that the findings of fact do not support the conclusions of law and the judgment entered thereon.

For the appellant there was a brief by *Markham & Schoellkopf,* and oral argument by *Henry Schoellkopf.*

For the respondents there was a brief by *Churchill, Bennett & Churchill,* and oral argument by *W. H. Churchill.*

Barnes, J.    Under the findings made by the court this action might well have been dismissed under the provisions of sec. 2605, Stats. (1898), because not brought by the real party in interest and because it was not shown that the plaintiff came within any of the exceptions contained in the statute.

The contention of the appellant is that the findings do not support the judgment. From them it appears that Kowalski is a nonresident; that he is insolvent; that he honestly owes the defendants sums exceeding the amount of the notes sued

on; and that if they cannot set off the indebtedness due from him against the plaintiff they must lose it altogether.

Subd. 3, sec. 2656, provides that, where a plaintiff is a non-resident of the state, any cause of action arising within the state and existing at the commencement of the action may be pleaded as a counterclaim, with one exception not material here. Sec. 2606 provides that, in case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any setoff or other defense existing at the time or before notice of the assignment. The section does not apply to a negotiable promissory note transferred in good faith before due. Sec. 4258 provides the cases in which a demand by one party may be set off as a defense in whole or in part to the demands of the other. If the action or counterclaim be founded upon a contract, such setoff must be founded on contract, express or implied, and must be due to the party in his own right, and must have existed at the time of the commencement of the action and must have then belonged to the party claiming to set off the same.

Subd. 5 of the section reads:

"If the action or counterclaim be founded upon a contract, other than a negotiable promissory note or bill of exchange, which has been assigned to the party a demand existing against such party or any assignor of such contract, at the time of his assignment thereof and belonging to the opposite party, in good faith before notice of such assignment, may be set off to the amount otherwise recoverable upon such contract if the demand be such as might have been set off against the party or assignor while the contract belonged to him."

Sec. 4264 provides that setoff shall be pleaded as a counterclaim.

If the indebtedness from Kowalski to the defendants was a joint indebtedness due them, there could be no question about the right of the defendants to set the same up as a counterclaim in this action. There is authority which holds that, under statutes permitting setoffs and counterclaims to be

pleaded, any defendant may plead any proper matter that is the subject of setoff or counterclaim in reduction of damages which the plaintiff might otherwise be entitled to recover, where the action is brought on a joint and several liability against several defendants. Pomeroy, Code Rem. (3d ed.) §§ 755, 761; *Wilson v. Exchange Bank,* 122 Ga. 495, 50 S. E. 357; *Austin v. Feland,* 8 Mo. 309; *Leach v. Lambeth,* 14 Ark. 668. And in *Powell v. Hogue,* 8 B. Mon. 443, it is held, under like statutes, that one of several defendants sued upon a joint note may set off a demand due to himself from the plaintiff against the demand due upon the joint note. In the case at bar the trial court held that the matter set up in the answers of the defendants constituted equitable counterclaims, and offset the amounts due thereon against the amounts due upon the notes. The indebtedness of the defendants being joint, the trial court was evidently of the opinion that the causes of action set forth in the answers of the defendants did not constitute legal counterclaims.

The judgment rendered by the circuit court was correct. The payee named in the notes was a nonresident and was insolvent. Assuming that the defendants could not counterclaim at law, it was within the province of a court of equity, and it was entirely proper for it, to afford the relief granted against the insolvent debtor. *Smith v. Dickinson,* 100 Wis. 574, 578, 76 N. W. 766; *Pendleton v. Beyer,* 94 Wis. 31, 68 N. W. 415; *Seligmann v. Heller Bros. C. Co.* 69 Wis. 410, 34 N. W. 232.

"A court of equity will permit such equitable setoff whenever justice requires it, even in a case not coming within the statute of setoffs." *Jones v. Piening,* 85 Wis. 264, 268, 55 N. W. 413.

It was also within the right of any of the defendants to set off his entire claim against that of the plaintiff in order to reduce the amount he might be called upon to pay in the event of execution being issued upon the judgment. The

offsetting of such claims against the plaintiff in this action would bar the defendants from thereafter beginning any action against Kowalski upon the claim so offset.

*By the Court.*—Judgment affirmed.