JOSEPH H. CROMWELL vs. CARLETON H. PARSONS, trustee, & another.

Essex.    November 4, 1914. — November 24, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Equity Jurisdiction,* Equitable set-off.    *Set-off,* In equity.

The manager of a fishing vessel, acting through his father and personally, engaged a master for the vessel under an agreement for a division of the gross proceeds of the catch. The master gave the manager his personal check for his share of a certain catch. The manager then discharged the master and the master stopped payment of the check. Thereafter the manager brought an action against the master on the check and the master brought an action against the manager and his father for breach of the contract of letting. Pending the determination of the actions, the master was adjudicated a bankrupt and the trustee in bankruptcy of his estate prosecuted and defended the actions, respectively, in his stead. Both actions proceeded to judgment and execution. The execution in the action against the manager and his father was the larger and, the trustee in bankruptcy refusing to set off the other execution against it, the manager brought a suit in equity to enjoin the collection of the execution against him and his father until such set-off was effected. *Held,* that, although there was at law no right of set-off of the claim because the parties were different, the plaintiff should be given in equity the relief sought, the transaction being mutual between the same parties and growing out of one transaction.

BILL IN EQUITY, filed in the Superior Court on February 25, 1914, and afterwards amended, against the trustee in bankruptcy of the estate of Solomon Jacobs and John F. Kelly, a deputy sheriff, seeking, in a second prayer of the bill, to enjoin the defendants from proceeding with the collection of an execution against the plaintiff and one Thomas A. Cromwell until an execution in favor of the plaintiff against Jacobs had been allowed in set-off, and, in a third prayer, an order for such set-off.

In the Superior Court the suit was heard by *Hamilton,* J., upon agreed facts, material among which were the following:

In the year 1910 the plaintiff Joseph H. Cromwell was the manager of an auxiliary fishing vessel and acted by and through his father, Thomas A. Cromwell, as agent and also personally in engaging Jacobs as master or captain, with an agreement as to a division of the gross proceeds of the catch. Later, Jacobs and the plaintiff had a dispute in regard to the conduct of Jacobs

and Jacobs was discharged.  A few days previously Jacobs had given to the plaintiff a check signed by Jacobs and drawn on his account in a bank as payment of the plaintiff's portion of a certain catch of fish.  Immediately after his discharge, Jacobs stopped payment on that check and thereupon the plaintiff brought an action at law against Jacobs on the check.  A short time afterwards Jacobs brought an action against Thomas A. Cromwell and the plaintiff jointly for damages for breach of the contract to let the vessel to him.  Later Jacobs was adjudicated a bankrupt and the defendant Carleton H. Parsons was appointed the trustee of his estate in bankruptcy and as trustee prosecuted the action of Jacobs against Thomas A. Cromwell and the plaintiff to final judgment and execution.  After the recovery of that judgment the plaintiff recovered judgment and procured an execution against Jacobs on the check, the action being defended by Parsons as trustee.  Both executions were given to the defendant Kelly as a deputy sheriff and remained in his possession for service.  The plaintiff notified Parsons that he was ready and willing to pay in cash whatever balance there might be due on the execution against him above the amount of the one he held against Jacobs.  Parsons notified the plaintiff that, because the parties were not the same in both executions, the execution in favor of the plaintiff could not be set off against the execution in favor of Parsons, trustee, and that he would refuse to allow a set-off.  There were no assets whatsoever in the estate of Jacobs in bankruptcy, and there was no money whatever to satisfy the execution of the plaintiff.

The judge reported the case for determination by this court, "such decree to be entered as law, equity and justice may require."

*J. M. Marshall*, for the plaintiff.

*M. F. Buckley*, for the defendants.

SHELDON, J.  It is true that these two demands, not being between exactly the same parties, could not have been set off against each other in the original actions.  Nor, for the same reason, could the plaintiff require that the executions should be set off against each other under the provisions of R. L. c. 177, § 27.  For that very reason, if he has any remedy, it must be in equity.  *Wolcott* v. *Jones*, 4 Allen, 367, 369.

But equity will enforce a set-off of demands like these whenever, by reason of the circumstances of the particular case, this is necessary to avoid injustice or to give effect to the equitable rights of the party seeking such set-off, and one of such circumstances is the bankruptcy or insolvency of the other party. The doctrine was applied and the rule was stated by the court in *Merrill* v. *Cape Ann Granite Co.* 161 Mass. 212, 217, with citation of some of the decisions that support it. The rule in cases of bankruptcy was stated in *Gray* v. *Rollo,* 18 Wall. 629, and the general rule was stated in *Wolff* v. *Jasspon,* 126 Mich. 11, 15, though held not to be applicable to the facts of these cases. See also to the same effect *Pond* v. *Smith,* 4 Conn. 297; *Porter* v. *Roseman,* 165 Ind. 255; *Farris & McCurdy* v. *Houston,* 78 Ala. 250; *Tucker* v. *Oxley,* 5 Cranch, 34; *Ex parte Hanson,* 12 Ves. 345; *S. C.* 18 Ves. 232; *Vulliamy* v. *Noble,* 3 Mer. 593, 618.

On the facts, these were really mutual transactions between the same parties, all growing out of the charter of a vessel by the plaintiff to Jacobs. The liability of Thomas A. Cromwell to Jacobs arose merely from Thomas's acts as agent for the plaintiff, and was one from which the plaintiff was under a duty to protect Thomas, so that in equity the plaintiff was the principal debtor to Jacobs, and Thomas was merely a surety for the plaintiff. The plaintiff as a joint debtor to Jacobs would have had the inchoate right in equity to pay Jacobs in full and to appropriate Jacobs's indebtedness to him for that purpose; and upon Jacobs's bankruptcy this might become enforceable in equity. Lowell on Bankruptcy, § 273, and cases there cited. The equity of the plaintiff as a principal debtor to Jacobs is of course yet stronger.

Under the bankruptcy act and the decisions thereon, this set-off must be allowed. *Morgan* v. *Wordell,* 178 Mass. 350. *In re Bingham,* 94 Fed. Rep. 796. *In re Dillon,* 100 Fed. Rep. 627. *In re Harper,* 175 Fed. Rep. 412.

A decree must be entered in favor of the plaintiff under his first and second prayers, with costs against the defendant Parsons.

*So ordered.*