### BROMLEY SHEPARD CO., Inc., et al. v. ROELKER.

### No. 3769.

District Court, D. Massachusetts.
Nov. 9, 1933.

---

[1] Decided September 6, 1934.

Harvey, Harvey & Walsh, of Lowell, Mass., for plaintiffs.

Thomas M. A. Higgins, of Lowell, Mass., for defendant.

LOWELL, District Judge.

Motion to dismiss. This case raises a question of set-off. A bill in equity was brought by the Shepard Company and Mrs. Shepard jointly against the receiver of the Middlesex National Bank. The Shepard Company owed the bank $5,000 on a joint note. When the bank was closed by the order of the Comptroller, the bank was indebted to each of them for separate deposits in the sums of more than $5,000. The company and Mrs. Shepard seek to enjoin the receiver of the bank from suing them, and ask that the deposits due each of the joint makers individually be set off against their joint liability. The question is to be decided on the general law rather than on the law of Massachusetts, as it has been held that the National Banking Act (12 USCA § 21 et seq.) requires that it be construed in a uniform manner throughout the country, as it is dependent on a federal statute. Auten v. U. S. National Bank, 174 U. S. 125, 19 S. Ct. 628, 43 L. Ed. 920; Watkins v. U. S., 9 Wall. 759, 765, 19 L. Ed. 820; Thomas v. Potter Title & Trust Co. (D. C.) 2 F. Supp. 12. It has been held in this country in several cases, the last to which I have been referred being Piotrowski v. Czerwinski, 138 Wis. 396, 120 N. W. 268, that the set-off should be allowed in a case like the present. Lowell, Bankruptcy, § 273; Childerston v. Hammon, 9 Serg. & R. (Pa.) 68; Ashley v. Willard, 2 Tyler (Vt.) 391; Powell v. Hogue, 8 B. Mon. (Ky.) 443; Austin v. Feland, 8 Mo. 309; Robinson v. Furbush, 34 Me. 509; Piotrowski v. Czerwinski, 138 Wis. 396, 120 N. W. 268. No direct authority in Massachusetts is cited to the contrary, and, while the exact point has not been passed on by the Supreme Court of the United States, the case of Tucker v. Oxley, 5 Cranch, 34, 3 L. Ed. 29, as explained in Gray v. Rollo, 18 Wall. 629, 634, 21 L. Ed. 927, would seem to be a precedent for allowing by analogy the set-off in this case. See, also, In re Carrier (D. C.) 39 F. 193, 198. The reason for the rule has been stated to be that if joint debtors are sued by a single person, "there is no good reason why a debt he owes either of them should not be set off since either defendant has a right to pay the joint debt; and set-off is payment." Lowell, Bankruptcy, § 273; Austin v. Feland, 8 Mo. 309, 312.

Under the authorities above cited, if the receiver of the Middlesex National Bank were to sue the present plaintiffs they would each be entitled to set off their individual deposits, which would more than satisfy their joint liability. As the present bill seeks to prevent this suit, it states a good cause of action.

Motion to dismiss overruled.