### ROELKER v. BROMLEY-SHEPARD CO., Inc., et al.

### No. 2922.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1934.

Thomas M. A. Higgins, of Lowell, Mass. (George B. Springston, of Washington, D. C., of counsel), for appellant.

Richard B. Walsh, of Lowell, Mass. (Harvey, Harvey & Walsh, of Lowell, Mass., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a decree of the District Court of Massachusetts in a bill in equity to compel the defendant-appellant as receiver of an insolvent national bank to allow as a set-off against an amount due the bank on the joint note of the plaintiffs-appellees a claim against the bank by one of the joint makers.

The facts are simple. The Middlesex National Bank of Lowell on the 14th day of December, 1931, was closed by order of the Comptroller of the Currency; the bank then being insolvent.

On that day the Bromley-Shepard Company, Inc., was indebted to the bank in the sum of $5,000 on a joint note signed by the corporation and by Sarah Bromley Shepard, who was its treasurer. On that day the corporation had on deposit in the bank the sum of $5611.10, and Sarah Bromley Shepard had on deposit as an individual the sum of $6,275.13.

A motion of the defendant-appellant to dismiss the bill on the ground that it was without equity and that the complainants had an adequate remedy at law was denied. (D. C.) 8 F. Supp. 214. After hearing on the bill and answer, the District Court found that on December 14, 1931, there was due and owing from said bank to

said plaintiff-appellee, Sarah Bromley Shepard, the sum of $6,275.13; that there was due and owing from said bank to the plaintiff-appellee, the Bromley-Shepard Company, Inc., the sum of $5,611.10; and thereupon the court ordered that $5,000 of said sum of $5,611.10 due from said bank to said Bromley-Shepard Company, Inc., be set off against the $5,000 due from said Bromley-Shepard Company, Inc., to said bank on the joint note, leaving a balance due from said bank to said Bromley-Shepard Company, Inc., of $611.10; and further ordered that the defendant, as receiver of said Middlesex National Bank, be permanently enjoined and restrained from bringing any action, either at law or in equity, against the plaintiffs or either of them, upon said note of $5,000, and that the receiver deliver up said note to the plaintiffs for cancellation. From this decree an appeal to this court was taken.

■ Evidence was received over the objection of the defendant that Sarah Bromley Shepard was merely an accommodation maker. Under the interpretation by the Massachusetts Supreme Court of the Negotiable Instrument Act of that state (G. L. [Ter. Ed.] c. 107, § 18 et seq.), it appears that this evidence should not have been received; but we think it was not prejudicial, as it does not affect the result we arrive at.

■ Conceding that at law, and generally in equity, a claim of one of two joint obligors cannot be set off against the joint debt, it is well established that, where justice requires, and there is no adequate remedy at law, a court of equity under such circumstances will order a set-off, and a bill in equity to compel such set-off is a proper form of remedy.

It is only necessary to suggest two situations where equity may recognize a right of set-off of an individual debt against a joint debt: (1) Where the plaintiff is a nonresident; and (2) where the insolvency of the payee appears and an action is brought on a joint note by his receiver or trustee in bankruptcy. The ground of jurisdiction in equity in the first instance is that to deny a resident joint debtor a right of set-off of an individual claim against a nonresident plaintiff would compel him to seek redress against the nonresident in a foreign jurisdiction; and, in the second instance, it would permit the receiver of an insolvent party to recover his joint debt in full, while the insolvent estate would pay only a percentage on the individual claims of the joint debtors. The grounds of the equitable right of set-off were well set forth in Merrill v. Cape Ann Granite Co., 161 Mass. 212, 217, 36 N. E. 797, 23 L. R. A. 313; and were recognized in Cromwell v. Parsons, 219 Mass. 299, 301, 106 N. E. 1020; Smith v. Dickinson, 100 Wis. 574, 578, 76 N. W. 766; Piotrowski v. Czerwinski, 138 Wis. 396, 120 N. W. 268; 24 R. C. L. 843; Scott v. Armstrong, 146 U. S. 499, 507, 13 S. Ct. 48, 150, 36 L. Ed. 1059, in which last-cited case the court said: "Courts of equity frequently deviate from the strict rule of mutuality when the justice of the particular case requires it, and the ordinary rule is that, where the mutual obligations have grown out of the same transaction, insolvency on the one hand justifies the set-off of the debt due upon the other. Blount v. Windley, 95 U. S. 173, 177 [24 L. Ed. 424]."

■ It is urged that the provisions of the National Bank Act (12 USCA § 21 et seq.) entirely control the distribution of assets of insolvent national banks, and require an equal or ratable distribution of all such assets among the bank creditors, and this act militates against the allowance of an equitable set-off.

We do not think Congress intended by the National Bank Act to deprive depositors of the right of equitable set-off when justice requires it. The language of the court in Scott v. Armstrong, supra, in discussing this statute, is applicable to the situation here:

Page 510 of 146 U. S., 13 S. Ct. 148, 151: "Where a set-off is otherwise valid, it is not perceived how its allowance can be considered a preference, and it is clear that it is only the balance, if any, after the set-off is deducted, which can justly be held to form part of the assets of the insolvent. The requirement as to ratable dividends is to make them from what belongs to the bank, and that which at the time of the insolvency belongs of right to the debtor does not belong to the bank."

Page 511 of 146 U. S., 13 S. Ct. 148, 152: "The equity of equality among creditors is either found inapplicable to such set-offs or yields to their superior equity."

■ Under the circumstances of this case, we think that justice requires that so much of the deposit of the Bromley-Shepard Company, Inc., in the insolvent bank as was necessary to pay the joint note, should be set off against the corporate note of the

Bromley-Shepard Company, Inc., though the note was also signed by the treasurer of the corporation as a comaker.

The decree of the District Court is affirmed, with costs.