FRANCIS & BADGER MOTOR CO., petitioner.
ROBERT E. HARDING, receiver, *vs.* THE BROADWAY NATIONAL BANK OF CHELSEA.

Suffolk.    January 4, 1937. — May 28, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Set-off.*

In an action by the receiver of an insolvent corporation against a bank to recover a deposit of the corporation, the bank might have set off the amount of the corporation's promissory note held by it; but,

having failed to do so and unsuccessfully attempted to defend on the ground that it had paid the deposit by applying it on the note before maturity, it was not afterwards entitled to an equitable set-off in receivership proceedings incident to the dissolution of the corporation.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on June 21, 1932, and later transferred to the Superior Court, for dissolution of the petitioner and the appointment of a receiver.

The petitioner was dissolved and a receiver was appointed. Petitions by The Broadway National Bank of Chelsea, and orders and decrees relating thereto entered by direction of *Pinanski*, J., are described in the opinion.

CONTRACT. Writ in the Superior Court dated March 17, 1933.

Proceedings culminating in a decision by this court reported in 294 Mass. 13, and further matters heard by *Pinanski*, J., are described in the opinion.

*C. A. Warren*, (*N. R. Voorhis* with him,) for The Broadway National Bank of Chelsea.

*M. Witte*, for the receiver.

PIERCE, J. These are proceedings in equity and at law, wherein The Broadway National Bank of Chelsea (hereafter called the bank) seeks to obtain set-off of a claim of the Francis & Badger Motor Co. (hereafter referred to as the motor company) against a larger claim of the bank against the motor company.

Proceedings at law, connected with the present proceedings, were before this court in *Harding* v. *Broadway National Bank of Chelsea*, 294 Mass. 13. In that action the receiver of the motor company sued the bank to recover certain deposits made with the bank by the motor company. The bank set up the defence that it had applied said deposits to an unmatured obligation of the depositor held by the bank, which obligation exceeded the claim of the motor company. This court denied the right of the bank to apply the deposits in that manner, and overruled the bank's exceptions.

After the filing of the rescript in that case on February 28, 1936, the bank, on March 18, 1936, filed a petition, in

the proceedings in the Superior Court for dissolution of the motor company, for leave to present an amended claim. After the granting of its petition, the bank filed a claim for $2,430, which represented the whole amount, with interest, of the note obligation of the motor company to which the bank had earlier attempted to apply the amount of the deposits of the motor company.

The bank also filed a petition for set-off of counterclaim, and in connection therewith presented certain requests for rulings. This petition was dismissed. The bank excepted to the denial of certain of its requests for rulings, and appealed from the decree dismissing its petition, and from an order of the court denying the bank's request for a report of the material facts on the ground that the judge had filed such a report.

At the same time the bank filed its petition in the equity proceedings, it also filed a motion in the law action brought against it by the receiver, by which it sought to have the action continued for judgment until further order of the court. In connection with this motion, the bank requested a ruling to the effect that the exercise of sound discretion required the granting of the motion. The motion was heard with the petition in the equity proceedings, the requested ruling was refused and the motion was denied. From the denial of its request for the ruling above stated the bank presents its bill of exceptions.

On March 26, 1936, the judge in the equity proceedings made the following statements and findings, under the heading "Agreements of Parties, Findings, Rulings and Order for a Decree": "By agreement of the parties there was presented to the court as evidence the following: 1. The record in the case of Robert E. Harding, Receiver of the Francis & Badger Motor Company vs. Broadway National Bank of Chelsea, Suffolk No. 288949. 2. The opinion of the Supreme Judicial Court filed February 29 [28], 1936, in the aforesaid action. 3. The original note with the indorsements thereon, a copy of which in its present form now appears attached to the petition as Exhibit A. 4. The parties agreed that the foregoing, with the exhibits attached

to the record, may be considered by the court as far as material and the court may draw proper inferences therefrom, and from all other facts hereinafter agreed upon. 5. The parties further agreed, and the court finds as facts, that from the date of the filing of the petition for dissolution, June 21, 1932, to the date of the appointment of the receiver, September 23, 1932, the corporation liquidated its assets by the disposition of property and the collection of accounts receivable after payment of incidental expenses and turned over to the receiver upon his appointment the sum of $214.35, being the net so received during this period. The parties further agree and the court finds as facts the following: 6. That on the eighth of June and the eleventh of June, 1932, and for a considerable period prior thereto and continuously thereafter to the present time the Francis & Badger Motor Company was insolvent. 7. The entire amount of money which has come into the hands of the receiver since his appointment is $1,380 and that after the payment of some administration expenses he now has $531 and some cents, and that there have been presented to the receiver claims as follows: Accounts payable, $1,173.19; notes payable $3,951.58, including a proof by the Broadway National Bank, the petitioner here, in the sum of $693.23; customers' credit balances $1,210.35; salaries and wages to employees $4,536.94; taxes due the Commonwealth, total, $206.90, making a grand total of claims presented of $11,079, and that the receiver has committed himself to his counsel for compensation and disbursements in the matter of the aforesaid action at law, Suffolk No. 288949 now also before the court on a motion to continue for judgment. 8. That the word 'Cancelled' which appears across the indorsements of credits on the back of the note, which is Exhibit A attached to the petition of The Broadway National Bank, was placed there since the rescript from the Supreme Judicial Court in the action at law, Suffolk No. 288949, by the bank with the advice of its counsel, but without the knowledge or consent of the Francis & Badger Motor Company or of the receiver in this case. With respect to the 'Requests of The Broadway National Bank of Chelsea for Rulings on its

Petition for Set-off of Counterclaim filed March 13, 1936,' I give requests numbered 7, 12 and 13. I decline to give the remaining requests not always because they are not abstractly correct, but often because they are based on facts which I do not find. In so far as they are based on facts not appearing in the findings, I do not find such facts to exist. With respect to request numbered 8, in so far as it states the rule in *Cromwell* v. *Parsons*, 219 Mass. 299, 301, I give it. Let a decree be entered denying and dismissing the petition."

The parties in these proceedings, with the permission of the judge, on May 20, 1936, entered into the following agreement with reference to the preparation of the record for this court: "It is agreed that the evidence referred to in the 'Agreements of Parties, Findings, Rulings and Order for a Decree' filed by the trial judge March 26, 1936, constituted all the evidence introduced at the hearing of the 'Petition of The Broadway National Bank of Chelsea for Set-Off of Counterclaim,' and that the opinion of the Supreme Judicial Court, filed February 28, 1936, in the action of" *Harding* v. *Broadway National Bank of Chelsea*, 294 Mass. 13 "(referred to in the second paragraph of the 'Agreements of Parties, Findings, Rulings and Order for a Decree' filed by the trial judge as aforesaid) may be referred to and need not be printed as a part of the record." It was also agreed in the law action by the receiver against the bank that the record and opinion in the earlier stage of the law action were incorporated in the bill of exceptions now presented by the bank.

Additional facts essential to the determination of the question here presented are as follows: On June 11, 1932, the bank learned of the insolvency of the motor company. At that time the bank held a note of the motor company dated June 8, 1932, payable in one month, in the amount of $2,400, and the motor company had a deposit balance in the bank of $1,673.64, and later, on June 15, 1932, the bank received and held on the motor company's account $25.50. On said dates the bank applied these sums on the motor company's note by crediting said amounts on the

note. A petition for the dissolution of the motor company and for the appointment of a receiver was filed in the Supreme Judicial Court, on June 21, 1932, and was transferred to the Superior Court on July 27, 1932. On September 23, 1932, the Superior Court entered a decree of dissolution under G. L. (Ter. Ed.) c. 155, § 50, and appointed Robert E. Harding, Esquire, receiver. The bank had no notice of the dissolution proceedings until it received a letter from the receiver requesting information.

The substantial controversy is whether the bank has the right to an equitable set-off of the obligation owed it by the motor company against the claim of the receiver to recover the indebtedness of the bank to the motor company.

The bank contends that it could not have set off, in the action at law brought by the receiver, its claim against the motor company and have had judgment for the difference, under G. L. (Ter. Ed.) c. 232, §§ 6, 7, because the two demands are not between exactly the same parties, citing *Cromwell* v. *Parsons*, 219 Mass. 299, 300.

In the case at bar, the bank, in the action at law, denied the claim asserted against it by the receiver of the motor company; and further answering said "that if it ever owed the . . . [receiver], or Francis & Badger Motor Co., anything in manner and form as in the plaintiff's declaration alleged, the same has been fully paid and it now owes the plaintiff nothing." It is to be noted in this connection that the bank as defendant in the action at law did not avail itself of its privilege to set up, as a defence to that action, either a declaration in set-off or a counterclaim. And it is to be further noted that the bank never proceeded to establish its claim against the motor company by an independent action at law, or even to assert an equitable defence to the action at law.

Respecting the suggestion of the bank that its claim against the motor company could not be set off in the law action against the claim of the motor company because the parties to those claims were different, it is plain that the bank had the right to effect a set-off of its claim, against the claim of the motor company prosecuted by its receiver

in his administrative capacity. It is true that in some circumstances an equity court may allow a set-off of the type here sought by the bank, and that one sufficient reason for the granting of such relief is the insolvency of the party against whom the set-off is sought. *Jump* v. *Leon*, 192 Mass. 511, 515, 516. *Perry* v. *Pye*, 215 Mass. 403. But it is also generally stated that a court of equity will not interfere with an action at law to enable a party to take advantage of a set-off, unless the party seeking the relief is unable to obtain it in the action at law. *Spaulding* v. *Backus*, 122 Mass. 553, 554. *Jump* v. *Leon*, 192 Mass. 511, 516, 517. See Story, Eq. Jur. (14th ed.) § 1876. In cases where equity has so interfered with the law action, the set-off was not available in the law action because of some technicality, as, for an example, where in form the cross claims were not between exactly the same parties. Compare *Jump* v. *Leon*, 192 Mass. 511, and *Cromwell* v. *Parsons*, 219 Mass. 299, 300.

In the case at bar, the bank, relying on the statement in the opinion in *Cromwell* v. *Parsons*, 219 Mass. 299, at page 300, contends that it could not take advantage of the statutory right of set-off in the law action brought by the receiver, because of the diversity of parties. An examination of the *Cromwell* case shows that one Jacobs prosecuted a claim against two persons jointly, and one of those joint obligors prosecuted a claim individually against Jacobs. Jacobs became bankrupt. His trustee in bankruptcy took his place in both actions, and after executions were obtained in both actions a set-off of executions, which was not permissible at law, was permitted in equity. It is apparent from the opinion in that case that the diversity of parties, considered important by the court, was due to the fact that one claim was against joint obligors, whereas the cross claim was not owned by them both, but only by one of them. Here the bank contends that the fact that the law action was brought by the receiver brings the case at bar within the doctrine of the *Cromwell* case, which would preclude a set-off at law. It is plain that the case at bar should be distinguished from the *Cromwell* case by the fact that the cross claims were originally between the same parties. The

receiver, in a representative capacity, sued the bank for a debt which the bank owed the motor company. That debt was subject to set-off of claims, between the bank and the motor company, which existed prior to the appointment of the receiver, and before the bank had any knowledge of the dissolution proceedings or that the same were in contemplation by the motor company. The contention of the bank that it had no right of set-off in the action at law is manifestly unsupported on the undisputed facts. G. L. (Ter. Ed.) c. 232, §§ 1, 6, 7. *Rochester Tumbler Works* v. *Mitchell Woodbury Co.* 215 Mass. 194, 198. High on Receivers (4th ed.) § 247. It is plain that the technical obstacle to pleading the set-off which existed in *Cromwell* v. *Parsons*, 219 Mass. 299, did not exist in the case at bar. The mere fact that the bank, had it pleaded the set-off in the law action, might have failed to establish its right, as the bank contends, because it could not bring itself under some substantial rule of legal set-off, does not help it here. *Spaulding* v. *Backus*, 122 Mass. 553, 554. *Bates* v. *Cosmopolitan Trust Co.* 240 Mass. 162, 167. There was no error in the denial of the bank's petition to set off.

It follows that the exceptions in the action at law are overruled; and that the decree on the "Petition of The Broadway National Bank of Chelsea for Set-off of Counterclaim" is affirmed with costs.

It is unnecessary to consider other minor matters upon which the parties are at issue.

*So ordered.*